NEWPORT READING–ROOM AND EDWARD W. HIGBEE, Collector, Petitioners.

NEWPORT—OCTOBER 11, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Taxation.  Return of Account.*

A business corporation returned to the assessors of taxes the account required by Gen. Laws R. I. cap. 46, §§ 6, 7, as follows: "No ratable per-

sonal estate.  The corporation owns none of the chattels mentioned in section 11 of chapter 45 of the General Laws of 1896":—

*Held*, under the decisions of this court, business corporations having capital owned in shares, being taxable only for real estate and such personalty as is described in Gen. Laws R. I. cap. 45, § 11, that the account was a compliance with the provisions of the statute.

*Coventry Co.* v. *Assessors*, 16 R. I. 240, affirmed, so far as applicable to this case.

(2) *Business Corporations.*

A corporation created under the name of the "Newport Reading-Room" is not a manufacturing corporation, or, perhaps, a business corporation; but, as it falls within the class of corporations whose capital is divided into shares, is to be governed, for the purposes of taxation, by the provisions of Gen. Laws R. I. cap. 45.

What is meant by the term "business corporation."

(3) *Assessment Roll.  Requisites.*

In the case at bar, as the assessment-roll failed to show that the assessment for personal property against a business corporation whose capital is divided into shares was limited to the kinds of personal property mentioned in Gen. Laws R. I. cap. 45, § 11, the assessment is void.

*Dunnell* v. *Newell*, 15 R. I. 233, and *Rumford Chemical Works* v. *Ray*, 19 R. I. 302, affirmed.

PETITION for an opinion of court.  The facts are stated in the opinion.

TILLINGHAST, J.  The agreed statement of facts in this case shows that the Newport Reading-Room is a corporation whose capital stock is divided into shares of the par value of one hundred dollars each, and that two hundred and ninety-four shares of said stock have been issued.  That said corporation owns a lot of land in Newport, with buildings thereon, together with a mortgage on real estate in Newport for twenty-five thousand dollars, and that it also owns furniture, a library, billiard tables, and various paraphernalia for the amusement of its members and subscribers.  That the market value of its stock is upward of two hundred and fifty dollars per share.  That in pursuance of the notice issued by the assessors of taxes of Newport in January, 1899, under Gen. Laws R. I. cap. 46, § 6, said corporation returned an account of its ratable estate as follows: "No ratable personal estate. The corporation owns none of the chattels mentioned in sec-

tion 11 of chapter 45 of the General Laws of 1896." It is also agreed that said corporation does not own any of the articles mentioned in sections 3, 9, and 11 of said chapter 45, and that if the assessment upon its said mortgage of twenty-five thousand dollars is valid and lawful, said corporation is assessed for the value of all its property. That on the 31st day of August, 1899, and within the time limited for the payment of said tax, the corporation tendered to said collector of taxes the sum of two hundred and twenty-two and $^{29}/_{100}$ dollars, the same being the amount of the tax assessed upon the real estate of said corporation in February, 1899. That the assessment-roll or tax-list of said city relating to said corporation is as follows :

TAX LIST OF CITY OF NEWPORT, R. I.   1899.

| Paid. | Name and Description of Real Estate. | Plat. | Lot. | Amt. | Total. | Personal Property | Total Property | Amount of Tax. |
|---|---|---|---|---|---|---|---|---|
| Oath. | Newport Read'g-Room Est., Bellevue Ave.............. Assets, $20,200.00 | 25 | 60 | ...... | $20,200 | $25,000 | $45,200 | $497 20 |

It is further agreed between counsel that the corporation has not exercised the power conferred upon it by section 2 of its charter [1] to divide its real and personal property into shares, but that it has simply divided its capital stock into shares.

In view of these facts, the question submitted for our decision is, " whether or not the said Newport Reading-Room is liable to pay the tax assessed against it for twenty-five

---

[1] "SEC. 2. The said corporation shall have power to have and use a common seal, and the same to break, alter and renew, to make and ordain such constitution and by-laws, not repugnant to the constitution and laws of the State and of the United States, as they may think proper, and the same to modify and repeal at pleasure, to take, hold, and convey real and personal property to an amount not exceeding fifty thousand dollars, and which real and personal property may be divided into such a number of shares and of such amount as may be determined by the said corporation, and which shares shall be deemed personal property, and be transferred as such, according to such rules and conditions as the said constitution and by-laws may prescribe."

thousand dollars upon its personal estate, as hereinbefore described."

(1) The first question to be determined is whether the account aforesaid, rendered to the assessors, was a compliance with Gen. Laws R. I. cap 46, § 7. The city solicitor of Newport contends that it was not. That the word "ratable," as used in the statute, is not equivalent to the word "taxable," as held in *Coventry Co.* v. *Assessors*, 16 R. I. 240, and that, as the Newport Reading-Room owns certain ratable personal estate, the account exhibited is not sufficient, and hence the petitioning corporation is without remedy.

This contention is partly right and partly wrong. It is right in so far as it alléges that the word "ratable," as used in the statute, is not equivalent to the word "taxable," but it is wrong in alleging that, under the agreed facts, the Newport Reading-Room owns certain ratable personal estate. The account rendered by the corporation distinctly states that it does not, and also, specifically, that it owns none of the chattels mentioned in Gen. Laws R. I. cap. 45, § 11. If the return or account had simply said "no ratable personal estate," it would not have been a compliance with the statute any more than was the return in *Coventry Co.* v. *Assessors*, *supra*. But it says more than this, namely, that the corporation owns none of the chattels mentioned in Gen. Laws R. I. cap. 45, § 11. This being so, what personal property did said corporation have which was either ratable or taxable?

In *Dunnell Mfg. Co.* v. *Newell*, 15 R. I. 233, this court held that, under our statutes, business corporations having capital owned in shares are taxable only for real estate and such personalty as is described in Pub. Stat. R. I. cap. 42, § 11, which is identical with Gen. Laws R. I. cap. 45, § 11. *Rumford Chemical Works* v. *Ray*, 19 R. I. 302, follows *Dunnell Mfg. Co.* v. *Newell*. The agreed facts in this case show that the capital stock of said corporation is divided into shares, and hence, although it is not a manufacturing corporation, or, perhaps, a business corporation, strictly so-called, yet, as it falls within the class of corporations whose capital stock is divided into shares, it is governed, for the purposes of taxa-

tion, by the provisions of said chapter 45. The theory upon which the statute is based evidently is that all of the personal property of manufacturing and business corporations, other than that enumerated in section 11, is represented by its corporate stock, and that this is taxed to the individual stockholders. That a large amount of property does, in fact, escape taxation under this system is matter of common knowledge, corporations not being required to make returns to the assessors of the amount of stock held by individual stockholders unless specially requested so to do. Gen. Laws R. I. cap. 46, §§ 11–12. But this is a matter where the remedy lies solely with the General Assembly. We may here remark that when the statute relating to taxing manufacturing corporations was originally framed it was probably not contemplated that social clubs and societies, like the one before us (see Gen. Laws R. I. cap. 176, § 11), would have capital stock divided into shares, and hence no special provision was made for them; nor has any subsequent legislation attempted to classify them for the purpose of taxation. But as they are clearly not religious or charitable organizations, and are to a certain extent business corporations and divide their capital stock into shares, we think they must be classed as aforesaid. The expression "business corporations," as used by Durfee, C. J., in *Dunnell Mfg. Co.* v. *Newell, supra,* is not now and, so far as we are aware, never has been known in our statutes regulating the levy, assessment, and collection of taxes, although it is used in Gen. Laws R. I. cap. 176, which prescribes the manner in which the several classes of corporations shall be formed; but it probably was intended to include all corporations "having capital owned in shares" and which are not religious or benevolent corporations.

As well argued by the counsel for said Newport Reading-Room, "two principles are embedded in the Rhode Island system of taxation of corporations; one being that double taxation shall be avoided, and the other that non-residents of the State shall not be called upon to pay taxes upon personal property (through their ownership of corporate stock) other than upon the specific personal property which is men-

tioned in the second clause of section 9 and in section 11 of chapter 45 of the General Laws.  It is quite clear that both of these principles would be invaded if the tax in dispute should be declared to be valid.  Eighty-eight of the one hundred and forty-seven stockholders are non-residents of Rhode Island.  If a tax is imposed upon the personal property of this corporation, each of these eighty-eight non-residents would have to pay his proportionate share of such tax.  And, similarly, all of the fifty-nine resident stockholders, besides paying their respective taxes as individuals (presumably a part of which falls upon their ownership of the stock of this corporation), would be compelled to pay (through the corporate tax) a tax upon personal property which has already borne its share of the burden of taxation."

" It is to be presumed that the assessors have discharged the duties imposed upon them by Gen. Laws R. I. cap. 46, §§ 11 and 12, and that every resident stockholder has been assessed for the ' difference between the cash market value of each share by him held and the proportionate amount per share at which the real estate' of the corporation was last assessed."

(3)    Another reason why the tax in question is not collectible is that the assessment-roll fails to show that the assessment was limited to the kinds of personal property mentioned in Gen. Laws R. I. cap. 45, § 11.  *Dunnell* v. *Newell, supra; Rumford Chemical Works* v. *Ray, supra; Hall* v. *Bain,* 18 R. I. 413.

For the reasons above given, our opinion is that the tax assessed on the personal estate of said Newport Reading-Room is illegal and hence not collectible.