368 A.2d 1214.

THE ST. CLARE HOME *vs.* HUMPHREY J. DONNELLY *et al.*

JANUARY 17, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

BEVILACQUA, C. J. This is an appeal from a judgment of the Superior Court denying injunctive relief against the collection of certain taxes by the City of Newport. Hereinafter we shall refer to the plaintiff as "St. Clare's" or "the home" and the defendant as "the city."

St. Clare's is a corporation operating a home for the aged in Newport. It had never been taxed by the city from its inception in 1927 until 1970. For the years 1970 through 1972, however, the home was assessed taxes totalling $27,-155. St. Clare's neither paid the taxes nor brought a petition to contest the assessment within 3 months after payment was due as provided by G. L. 1956 (1970 Reenactment) §44-5-26.[1] In March 1974, after the city notified the home of its intention to sell the property for nonpayment of taxes, St. Clare's brought an action in the Superior Court to enjoin the sale, remove the lien, and purge the land and tax records on the ground that the property was exempt under §44-3-3(12).[2] The trial justice assumed without deciding that the home was exempt under §44-

---

[1]General Laws 1956 (1970 Reenactment) §44-5-26 provides in relevant part:

"Any person aggrieved on any ground whatsoever by any assessment of taxes against him in any city or town, may within three (3) months after the last day appointed for the payment without penalty of such tax, or the first instalment thereof, if such tax be payable in instalments, file a petition in the superior court for the county in which such city or town lies for relief from such assessment * * *."

[2]General Laws 1956 (1970 Reenactment) §44-3-3(12) reads as follows: "44-3-3 Property exempt.—The following property shall be exempt from taxation:
* * *

"(12) the property, real and personal, held for or by an incorporated library, society, or any free public library, or any free public library society, so far as said property shall be held exclusively for library purposes or for the aid or support of the aged poor, or for the aid or support of poor friendless children, or for the aid or support of the poor generally, or for a hospital for the sick or disabled * * *."

3-3(12) but dismissed the action because St. Clare's had not pursued the remedy provided in §44-5-26.

In dismissing the action, the trial justice relied upon §44-5-27, which provides:

> "The remedy provided in §44-5-26 shall be exclusive if the taxpayer owned or possessed any ratable estate at all, except that in a proper case the taxpayer may invoke the equity jurisdiction of the superior court provided that complaint is filed within three (3) months after the last day appointed for the payment without penalty of such tax, or the first instalment thereof, if such tax be payable in instalments. A taxpayer alleging an illegal or void tax assessment against him shall be confined to the remedies provided by §44-5-26."

In its appeal St. Clare's argues that §44-5-27 by its very terms applies only to owners of ratable property and since the home enjoys a tax-exempt status, the statutory 3-month limitation found in §44-5-27 is inapplicable to the case at bar. The city contends that even if tax-exempt property is not ratable, §44-5-27 limits St. Clare's remedy because an assessment of unratable property is a void and/or illegal assessment, and §44-5-27 provides that challenges to validity and legality shall be limited to the procedures under §44-5-26. We conclude that tax-exempt property is not ratable property and that §44-5-27 does not apply to limit the remedies of a taxpayer who possesses no ratable estate at all because the property is tax-exempt.

## I.

Sometime before the turn of the century this court defined "ratable property" as property that is "capable of being rated; that is appraised or assessed." *Coventry Co.* v. *Assessors of Taxes*, 16 R.I. 240, 241, 14 A. 877, 878 (1888). There the court was concerned with a statute which made a legal challenge to any alleged overassessment subject to the condition that prior to the assessment

the taxpayer had filed with the assessor an account of his "ratable property." The *Coventry* dispute involved a personal property tax, where the tax was to be imposed on that portion of the taxpayer's property which exceeded his indebtedness. The *Coventry* taxpayer filed a return in which he alleged: " 'No ratable personal estate over and above the actual indebtedness of the company.' " *Id.* at 240, 14 A. at 877. In faulting the sufficiency of the return, this court remarked that the taxpayer had apparently assumed that the Legislature was using the term "ratable" as synonymous with "taxable," but such an assumption was not warranted. Ratable property "* * * does not relate to property actually taxed, but to that which is in its nature taxable, and which the assessors rate or value in discharging their duty." *Id.* at 241, 14 A. at 878. While the distinction between "ratable" and "taxable" may seem to be a fine one, its presence can readily be seen after one examines the statutory scheme pursuant to which the assessors discharge their duty.

The General Assembly has directed local tax assessors to apportion the tax levy of the town upon the assessed valuation. Section 44-5-11. To this end, the tax assessor is required to assess all property "liable to taxation"[3] by making a list of the value of the ratable estate of the town. Sections 44-5-12, 44-5-20. To apportion the tax, the assessor divides the tax levy, which is the total amount of approved expenditures, by the total amount of the town's

---

[3] General Laws 1956 (1970 Reenactment) §44-3-1 expressly provides that all real and personal property having the requisite status "shall be liable to taxation *unless otherwise specially provided.*" (Emphasis added.) Through the years the General Assembly has otherwise specially provided by its grant of a number of tax exemptions. Many of these exemptions are found in §44-3-3. In this controversy St. Clare's relies upon the provision in §44-3-3(12) that all real and personal property which is "held exclusively" for "the aid or support of the aged poor" is exempt from taxation.

assessed ratable property, also referred to as the assessment roll. Sections 44-5-13, 44-5-20, 44-5-22. Application of the tax levy to the assessment roll results in the tax roll from which tax bills are prepared. Section 44-5-22.

The responsibility for determining the value of the ratable property rests with the assessor and not the taxpayer. In the *Coventry* case the assessor had the job of assessing the taxpayer's personalty at its full and fair cash value, and it was only then that a determination could be made of whether there was actually a surplus of ratable property available for taxation, thus, the court's rationale for drawing a line between "ratable" and "taxable" property.

However, it is clear that property which is not capable of being assessed should not be included on the list of property to be valued by the assessor. In a tax scheme where the process of assessment, i.e., application of the tax levy to the valuation of the list of ratable property, leads directly to the imposition of the tax, ratable property must be property capable of being assessed. To put it another way, if property is ratable, it is assessable. In this context "ratable" and "assessable" are synonymous.

St. Clare's property, if tax-exempt, was not assessable. Tax-exempt property is not property capable of being appraised. It is not liable to taxation. Application of the tax levy to a valuation which included tax-exempt property would necessarily result in a malapportionment of taxes. An assessment is an integral part of the taxation process leading to the imposition of a tax. Exempt property is simply not assessed. 16 McQuillan, *Municipal Corporations* §44-105 at 296 (3d ed. 1972). *See also Grosvenor v. Supervisor of Assessments*, 271 Md. 232, 315 A.2d 758 (1974). This court has pointed out that under a statute requiring the taxpayer to file an account of all his ratable property, there is no necessity of rendering such an account if the property is tax-exempt property which is

not liable to assessment. *Woonsocket Hosp.* v. *Quinn,* 54 R.I. 424, 430, 173 A. 550, 552 (1934). Property which is wholly tax-exempt is not ratable.

## II.

The city asserts that even if the home is not ratable, its sole remedy is that prescribed in §44-5-26 because of the language of §44-5-27, which says that a taxpayer claiming to be victimized by an illegal or void assessment "shall be confined" to the remedy delineated in §44-5-26. We cannot agree. By its very terms the remedy is made exclusive if the taxpayer owned or possessed "any ratable estate at all." This is so whether the taxpayer who possesses ratable estate seeks to challenge the assessment on the grounds of overtaxation, or illegal and/or void taxation. *See Murray* v. *Rockaway Blvd. Wrecking & Lumber Co.,* 108 R.I. 607, 277 A.2d 922 (1971). However, our examination of the statute leads us to conclude that this restriction is not applicable where the taxpayer possesses only tax-exempt property which is not ratable.

We note that when the petition remedy was originally enacted the statute specifically provided that this remedy would be cumulative in the case of a taxpayer challenging the legality or validity of an assessment. This version of the statute did not contain the limitation "if the taxpayer owned or possessed any ratable estate at all." Public Laws 1932, ch. 1945, §15. It was only when the Legislature provided that §44-5-26 would also constitute the only remedy for void and illegal assessments that the additional limiting condition "if the taxpayer owned or possessed any ratable estate at all" became a part of the statute. Public Laws 1935, ch. 2260, §15. Obviously such an exception would have been superfluous if the Legislature had intended to include the case of the taxpayer claiming no ratable estate in the class of taxpayers otherwise challenging the legality and validity of assessments. If we were to decide now that

the taxpayer with no ratable estate is confined to §44-5-26 we would render meaningless the express condition embodied in the phrase "if the taxpayer owned or possessed any ratable estate at all." This we cannot do. In giving construction to a statute, the court is bound, if it be possible, to give effect to all its several parts. No sentence, clause or word should be construed as unmeaning and surplusage, if a construction can be legitimately found which will give force to and preserve all the words of the statute. *Ewing* v. *Tax Assessors*, 90 R.I. 86, 90, 155 A.2d 61, 63 (1959); Black, *Construction and Interpretation of Laws* §60 at 165 (2d ed. 1911).

The city argues that the instant case is controlled by *Murray* v. *Rockaway Blvd. Wrecking & Lumber Co., supra,* where we said: "Regardless of whether a tax is attacked on grounds of overassessment or illegality, the taxing statutes provide the exclusive relief to any person aggrieved by any assessment of taxes against him by any city or town." *Id.* at 609, 277 A.2d at 924. The property involved in the *Murray* case was ratable property, and, as we have indicated, where the taxpayer owns any ratable property, he or she is confined to the remedies of §44-5-26. Here, however, we are dealing with tax-exempt property which is not ratable. Saint Clare's could have paid the tax under protest and instituted suit to seek its recovery. This was the route taken in *American Bank* v. *Mumford*, 4 R.I. 478 (1857). If the property is exempt, equity has jurisdiction to enjoin the enforcement of a tax against it.[4] 2 Cooley, *Taxation* §656

---

[4]In several jurisdictions courts have held that statutory schemes purporting to establish exclusive tax remedies do not preclude equitable relief where tax-exempt property has been improperly assessed. *See, e.g., Evans* v. *Hallas*, 64 Ariz. 142, 167 P.2d 94 (1946); *Illinois Cent. R.R.* v. *Hodges*, 113 Ill. 323 (1885); *Chevra Achewa Chesed Anshe Cheval* v. *Philadelphia*, 116 Pa. Super. 101, 176 A. 779 (1935); *contra, City Council* v. *Timmerman*, 233 F. 216 (4th Cir. 1916). *See generally Annot.*, 84

at 1376-77 (4th ed. 1924). This distinguished author supports the route taken by St. Clare's. Upon remand the burden of establishing that the property comes within the statutory exception will be upon the home.

The plaintiff's appeal is sustained, the judgment appealed from is vacated, and the case is remanded to the Superior Court.

Mr. Justice Doris, dissenting. The question raised by the plaintiff's appeal is whether a taxpayer whose property is exempt by statute is limited to the remedy set forth in §44-5-26 when contesting an allegedly illegal tax assessment levied on said property. The plaintiff equates the term "ratable" as used in the statute with the term "taxable" and states that since its property is specifically exempt by statute that it possesses no taxable property and therefore no ratable property. The plaintiff argues that it is thus not limited to the remedy provided in §44-5-26, which §44-5-27 declares is the exclusive remedy available to a taxpayer contesting an allegedly illegal assessment if the taxpayer owned or possessed any ratable estate at all.

The majority appears to have accepted plaintiff's argument and concludes that for purposes of assessment if property is ratable it is assessable and therefore hold ratable property and assessable property to be synonymous. I do not subscribe to this conclusion since this court long ago in *Coventry Co.* v. *Assessors of Taxes,* 16 R.I. 240, 241-42, 14 A. 877, 877-78 (1888) said:

---

A.L.R. 1315 (1933). In *Illinois Cent. R.R.* v. *Hodges, supra,* the Illinois court said:

"Where an individual has property subject to taxation, he is chargeable with knowledge that it will be assessed for that purpose, and he must ascertain whether the valuation is satisfactory, and if it shall not be, apply to the statutory tribunals for relief. But where an individual has property that is exempt from taxation, he has a right to assume that the law will be observed * * *." *Id.* at 325.

"The argument is, that the statute requires an account only of *ratable* estate, and therefore, if the indebtedness equals or exceeds the value of the personal property, there is no liability to taxation for personal estate, and hence there is no *ratable,* because there is no *taxable,* personal estate for which to render an account. The petitioners' claim rests upon the assumption that the word *ratable* in the statute requiring an account is equivalent to the word *taxable.* We do not think the claim is well founded. The word *rate* is used with reference both to a percentage or proportion of taxation and to a valuation of property, *State* v. *Utter,* 34 N.J. Law, 489, and undoubtedly the words *ratable estate* often denote that estate which is to bear its proportion or rate in taxation. But all property, not specially exempt, is liable to taxation. It is therefore liable to be rated or valued, and hence ratable.

"In *Darrow* v. *Langdon,* 20 Conn. 288, ratable value was held to be equivalent to appraised or assessed value. In *Queen* v. *Overseers of Malden,* 10 B. & S. 323, it was said that ratable property means property in its quality and nature capable of being rated; that is, appraised or assessed. We think the word *ratable* is used in the statute with the same meaning that is given to it by this judicial definition. In this sense it does not relate to property actually taxed, but to that which is in its nature taxable, and which the assessors rate or value in discharging their duty. If it were held to include only that property which should actually be taxed, a person would become the assessor of his own property up to the amount of his indebtedness; for, not disclosing its character or value, the assessors would generally have no means of knowing what he possessed, nor whether he had reckoned his property at a fair value. The fullness and particularity of the account required shows that it is to be given for the information of the assessors, to enable them to make a proper assessment. If this be so in the ordinary cases of taxation, we see no reason why it should not also serve that purpose in a case like this."

Later in the case of *Petition of Newport Reading Room*, 21 R.I. 440, 44 A. 511 (1899), we stated that the word "ratable" as used in the statute is not equivalent to the word "taxable". In a more recent case relying on *Coventry Co.* v. *Assessors of Taxes, supra,* we stated:

> "The statute requires an account of all of a taxpayer's *ratable* property, whether it is taxable or not. See *Coventry Co.* v. *Assessors of Taxes, supra* * * *. It may very well be that petitioner's ratable intangible personal property is not taxable in the town of Jamestown, but that determination is for the assessors to make on the basis of information furnished by the taxpayer in the account." *Ewing* v. *Jamestown Tax Assessors,* 93 R.I. 372, 376-77, 176 A.2d 69, 72 (1961).

An attempt to tax exempt property is merely one form of an allegedly illegal tax and we have held in recent cases that the remedy provided by §§44-5-26 and 44-5-27 is the exclusive remedy of an aggrieved taxpayer who alleges an illegal tax. *S. S. Kresge Co.* v. *Bouchard,* 111 R.I. 685, 306 A.2d 179 (1973); *Murray* v. *Rockaway Blvd. Wrecking & Lumber Co.,* 108 R.I. 607, 277 A.2d 922 (1971). I can perceive no compelling reason why property specifically exempt should be treated differently.

The purpose of §44-5-27 was to protect the interest of a municipality in determining its tax base within a reasonably short period of time. A rule such as that apparently espoused by the majority which would permit taxpayers to challenge assessments years later would result in chaos, since a municipality could not rely upon the base established by the published assessments of that year in fixing its tax rate.

For these reasons I respectfully dissent and would hold that since the plaintiff did not comply with the statutory requirements for contesting an allegedly illegal assessment that the plaintiff's appeal should be denied and dismissed.

474

*Moore, Virgadamo, Boyle & Lynch, Ltd., Francis J. Boyle Joseph R. Palumbo, Jr., William T. Murphy,* for plaintiff.

*James S. O'Brien,* City Solicitor, for defendants.