Gary V. FINCK

v.

AETNA CASUALTY & SURETY CO.

No. 79–222–Appeal.

Supreme Court of Rhode Island.

July 17, 1981.

Hanson, Curran & Parks, David P. Whitman, Providence, for plaintiff.

Roberts, Carroll, Feldstein & Tucker, David W. Carroll, R. Kelly Sheridan, Jr., Providence, for defendant.

OPINION

MURRAY, Justice.

This civil action arises out of a motor vehicle collision occurring on July 26, 1974, on Pontiac Avenue in Cranston. At the time of the collision, the plaintiff, Gary V. Finck (Finck), was operating a motor vehicle owned by the defendant's insured, Winner's Circle Motors, Inc. (Winner's Circle). Prior to the mishap, Finck had taken his automobile to Winner's Circle for repairs.

Winner's Cicle then lent Finck one of its automobiles until it completed the repairs to Finck's automobile. Finck and Winner's Circle executed an agreement for the temporary loan of the automobile; and before Finck left Winner's Circle, the license plates from his car were affixed to the loaned vehicle.

It is not disputed that while Finck was operating this loaned vehicle, he collided with a telephone pole on Pontiac Avenue in Cranston. A passenger in the vehicle, Marilyn A. Day (Day), sustained physical injuries as a result of this collision. Day instituted an action in the Superior Court against Finck and Winner's Circle to recover for those injuries. Finck then filed a third-party complaint against Winner's Circle's insurer, Aetna Casualty & Surety Company (Aetna).

Aetna subsequently moved for summary judgment with respect to Finck's third-party complaint against it. A justice of the Superior Court granted Aetna's motion. After obtaining the requisite certification by the trial justice pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure, Finck prosecuted this appeal.[1]

In his brief and at oral argument, Finck contends that the trial justice erred in granting Aetna's motion for summary judgment. In support of this contention, he argues that the trial justice erroneously held that G.L.1956 (1968 Reenactment) § 31–3–20, as amended by P.L.1968, ch. 103, § 2, relieved Aetna of any obligation to provide insurance coverage for him as against claims such as the one made in the instant case by Marilyn A. Day. The defendant, on the other hand, contends that the trial justice properly granted summary judgment in its favor as there was no dispute over any factual material to the case and it was entitled to judgment as a matter of law. We agree with defendant.

Rule 56(c) of Super.R.Civ.P. provides in pertinent part that

"[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law."

Clearly, there was no dispute between the parties concerning any fact material to the case. As stated above, Finck executed a temporary loan agreement with Winner's Circle before he took possession of the vehicle Winner's Circle lent him. He further admitted that he affixed his own license plates to the loaned vehicle. Thus, the only question that remains for us to decide is that of whether defendant was entitled to judgment as a matter of law.

The defendant cites G.L.1956 (1968 Reenactment) § 31–3–20, as amended by P.L. 1968, ch. 103, § 2, in support of its argument. That section provides, in pertinent part:

"any manufacturer or dealer may loan a motor vehicle or said plates or both to any person for the purpose of demonstration of a motor vehicle, or when a motor vehicle owned by such person is undergoing repairs, or when such person has purchased a motor vehicle, the registration of which by him is pending, and in any case for not more than twenty (20) days in any year * * * provided that in the event the person loaned such vehicle shall not have an insurance policy in effect, then any liability or property damage shall be covered by the dealer's insurance policy.

"Any manufacturer or dealer may also loan a motor vehicle, under the aforesaid circumstances, to which vehicle may be affixed plates belonging to the person operating such loaned motor vehicle when the number plates would be of the same classification and the dealer may issue a temporary certificate of registration of such vehicle under which certificate such

1. We note here that Finck and the original plaintiff, Marilyn A. Day, settled their case shortly after the entry of the summary judgment; therefore, we need not concern ourselves with that aspect of the case.

vehicle may be operated upon the public highways for a period of twenty (20) days from the date of issuance. * * * [A]ny damage to any person or property caused by the operation of such loaned vehicle shall be the responsibility of such person and the dealer or manufacturer shall be in no way liable therefor."

The statute provides two options to a dealer who lends a car to a customer who brings his vehicle to the dealer for repairs. The dealer may lend the car and affix the dealership plates to it, in which case the dealer's insurer must cover any liability or property damage if the customer has no insurance policy in effect. The other option is for the customer to affix his own license plates to the loaned vehicle, in which case the dealer is exempted from liability for damages resulting from operation of the vehicle.

Aetna's bottom-line contention is that because its insured, Winner's Circle, was totally exempt from liability, it is exempt from liability as well. In analyzing this contention, we need look no farther than our opinion in *Flanagan v. Pierce Chevrolet, Inc.*, R.I., 410 A.2d 428 (1980). The facts in that case were identical to the ones in the instant case. In *Flanagan*, a customer brought his vehicle to a dealer for repairs. The dealer lent him one of his vehicles, to which the customer affixed his own license plates. While operating the loaned vehicle, the customer struck another vehicle. At the time of the collision, the customer had no insurance policy in effect. He contended that in such cases the dealer's insurer was liable, despite § 31–3–20.

In rendering our decision, we stated: "The phrase, 'the dealer or manufacturer shall be in no way liable therefor,' conveys a plain and sensible meaning. Incorporation of the uninsured motorist language into the third paragraph would render the entire paragraph meaningless. No distinction would then exist between the operation of a loaned vehicle with the dealer's plates and its operation with the customer's own license plates. The court is not at liberty to ignore the distinction enacted by the Legislature. We are bound to give effect to every word, clause, and sentence in a statute if possible. *Chang v. University of Rhode Island*, R.I., 375 A.2d 925 (1977); *St. Clare Home v. Donnelly*, 117 R.I. 464, 368 A.2d 1214 (1977)." *Id.*, 410 A.2d at 431.

In the instant case, our decision can be no different. It would be incongruous to allow a party to circumvent the legislative intent of § 31–3–20 by suing the dealer's insurer directly instead of suing the dealer. We have stated that when the dealer has satisfied the requirements set forth in the third paragraph of § 31–3–20, he is entitled to full exemption from liability under that section. *Flanagan v. Pierce Chevrolet, Inc.*, 410 A.2d at 431.[2] Aetna, as Winner's Circle's insurer, is liable for sums that its insured is legally obligated to pay; however, it cannot be held liable in this situation, as Winner's Circle is under no obligation to pay.

Our determination of the above issue renders discussion of the other points raised by the plaintiff unnecessary. We conclude that the trial justice correctly found no dispute with respect to any material fact and that the defendant was entitled to judgment as a matter of law.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.

SHEA, J., did not participate.

---

**2.** Under G.L.1956 (1968 Reenactment) § 31–3–20, the dealer is required to procure a temporary certificate of registration from the Registry of Motor Vehicles. The certificate is to be kept with the loaned vehicle. Inasmuch as plaintiff does not challenge Winner's Circle's compliance with this provision, we assume that it did satisfy those requirements.