[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on the plaintiff's prayer for a permanent injunction as to the Town of Cumberland's (Town) actions in assessing and collecting taxes on property owned by the plaintiff.
The plaintiff, Sisters of Mercy of Providence, Inc. is a Rhode Island non-business charitable corporation. The defendant, (Town) has, through the other defendant Wendell W. Wilkie, in his capacity as Tax Assessor, assessed certain property owned by the plaintiff as of December 31, 1993 and is attempting to collect taxes it claims is due, as a result of said assessment. The Town had assessed and is collecting taxes as a result of an assessment made December 31, 1992, which assessment and collection is being challenged by the plaintiff in C.A.-PC-93-4308. A Superior Court judgment declaring the assessment and collection illegal is presently pending hearing before the Supreme Court. Since the plaintiff had challenged the 1993 taxes (i.e. assessed 12-31-92) under Sec. 44-5-26, it believed it is compelled to pay the taxes until a determination is made by the Supreme Court.
When the Town sent the tax bills for 1994 (i.e. assessed 12-31-93) the plaintiff determined that it could seek alternative relief under § 44-5-27, which provides that ". . . in a proper case the taxpayer may invoke the equity jurisdiction of the Superior Court . . ." Since the Court by another Justice has determined that the plaintiff's property is exempt, it appears to this member of the Court, that the Town should be prevented from relitigating the same issue as in the prior case between the parties.
Under the interpretations of Chapter 44-5, our Supreme Court mandates a separate petition by a taxpayer for each tax year when the taxpayer challenges a tax bill. It is the decision of this member of the Court that the Town be enjoined and restrained from collecting any taxes assessed for this year 1994 and future years, if need be, until a decision is rendered by the Supreme Court in C.A. PC-93-4308. However this does not prevent the Town from assessing and sending bills to plaintiff for succeeding years. Such an order will reduce the number of filings by the plaintiff in each succeeding year, based on the same issue as the case pending in the Supreme Court.
This injunction shall terminate upon the rendering of a decision by the Supreme Court and depending upon that decision and the rationale stated therein, the parties will have to take appropriate action.
This decision is rendered by the Court's utilization of equity jurisdiction given in R.I.G.L. § 44-5-27, and the decision of St. Clare Home v. Donnelly, 117 R.I. 464, 368 A.2d 1214
(1977).
The plaintiff should recognize that a fully adverse reaction in C.A. PC-93-4308 (that is — adverse to the plaintiff's position and any further litigation in that case) it may well have to pay, not only 1993 and 1994 taxes but future years as well without a specific attack on the valuations, in each year.
Plaintiff is to present an appropriate judgment.