February 21, 2023

**Supreme Court**

| | | |
|---|---|---|
| Polseno Properties Management, LLC | : | |
| | | |
| v. | : | No. 2021-299-Appeal. |
| | | (PC 20-2506) |
| Brenda Keeble, in her capacity as Tax Assessor for the Town of Lincoln. | : | |
| | | |
| | | |
| Polseno Properties Management, LLC | : | |
| | | |
| v. | : | No. 2021-300-Appeal. |
| | | (PC 21-895) |
| Brenda Keeble, in her capacity as Tax Assessor for the Town of Lincoln. | : | |

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

| | | |
|---|---|---|
| Polseno Properties Management, LLC | : | |
| v. | : | No. 2021-299-Appeal. (PC 20-2506) |
| Brenda Keeble, in her capacity as Tax Assessor for the Town of Lincoln. | : | |

| | | |
|---|---|---|
| Polseno Properties Management, LLC | : | |
| v. | : | No. 2021-300-Appeal. (PC 21-895) |
| Brenda Keeble, in her capacity as Tax Assessor for the Town of Lincoln. | : | |

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

# O P I N I O N

**Justice Robinson, for the Court.**   In these consolidated appeals, the plaintiff, Polseno Properties Management, LLC, appeals from a Superior Court judgment entered in favor of the defendant, Brenda Keeble, in her capacity as the tax assessor for the Town of Lincoln.[1]  On appeal, the plaintiff contends that the

---

[1]     In both cases, Elaine Mondillo, in her official capacity as tax assessor for the Town of Lincoln, was the initial defendant.  On March 8, 2021, the plaintiff moved to amend its complaint in PC 21-895 to reflect the fact that Brenda Keeble had

tax assessor illegally increased the value of its property in light of the development of a "solar array" (the solar energy development) on a portion of the plaintiff's property for tax years 2019 and 2020. The plaintiff also contends that the tax assessor improperly created a new tax classification not recognized by G.L. 1956 § 44-5-11.8(b).

These appeals came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in these appeals should not be summarily decided. After considering the parties' written and oral submissions and after reviewing the record, we conclude that cause has not been shown and that these appeals may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

# I

## Facts and Travel

These appeals involve the assessed valuations of property located at 600 George Washington Highway in Lincoln, Rhode Island, where plaintiff owns a 14.6-acre tract of land (the property). As of December 31, 2017, the assessed

___

become the new tax assessor for the Town of Lincoln. A copy of the amended complaint was attached to the motion to amend; however, the record indicates that the amended complaint was never filed and docketed.

value of the property was $1,084,000 (the 2018 assessment). The property is classified as being within a "ML 05 Manufacturing Limited" zoning district.

On June 28, 2018, plaintiff entered into a long-term lease with Green Development, LLC, for the construction and operation of a solar energy development on approximately ten acres of the property. Thereafter, the property was "developed with a retail strip mall and a 3.0 megawatt ('MW') solar development." The solar project was completed on December 28, 2018; and, as of December 31, 2018, the assessed value of the property was $1,382,000 (the 2019 assessment). That 2019 assessment showed that the assessed value of the approximately ten acres upon which the solar energy development was located increased from $7,500 per acre to $40,000 per acre. The 2019 assessment contained a notation stating: "2018 Adjusted Land to 10 AC for Solar." As of December 31, 2019, the assessed value of the property was $1,269,400 (the 2020 assessment). The decrease in value from the 2019 assessment to the 2020 assessment was the result of a change in the valuation of a building (a retail strip mall) located on the property.

The plaintiff appealed the 2019 tax assessed as of December 31, 2018 (the 2019 tax) to the Lincoln tax assessor, who denied plaintiff's appeal. Thereafter, plaintiff appealed to the tax review board, which also denied plaintiff's appeal. The plaintiff then filed a complaint in the Superior Court on March 19, 2020.

As it had done with respect to the above-referenced 2019 tax, plaintiff similarly appealed the 2020 tax assessed as of December 31, 2019 (the 2020 tax) to the Lincoln tax assessor, who denied the appeal. After plaintiff's appeal was also denied by the tax review board, plaintiff filed a complaint in the Superior Court on February 4, 2021. The parties filed an agreed statement of facts on March 12, 2021. An order was entered on March 22, 2021, consolidating the two cases.

A hearing was held in the Superior Court on August 16, 2021. The parties and the hearing justice first engaged in a consideration of the procedural posture of the case. Although there was a suggestion by the parties in their filings that the proceeding was a trial, the hearing justice indicated that it was his view that what was before him was more in the nature of cross-motions for summary judgment. The parties, in agreement with each other, stated that they viewed this action as one for declaratory judgment.

Turning to the merits of the case, the hearing justice determined that § 44-5-3, upon which plaintiff's appeals were predicated, does not "express[] an intent to exempt from taxation *the land* upon which [a] renewable energy system is built." (Emphasis added.) He proceeded to rule: (1) that the property should be assessed by the assessor at its full and fair cash value; and (2) that, "[i]f the assessor may value the land," then it is relevant that a solar energy development exists upon it. The hearing justice denied both plaintiff's and defendant's motions,

reasoning that he was treating the matter before him as cross-motions for summary judgment and that determining the full and fair cash value of the land would require a factual determination. He additionally questioned whether he had the jurisdiction to enter a declaratory judgment in a tax case, but he stated that he was willing to give the parties an opportunity to confer with each other before he ruled on that issue.

On August 24, 2021, defendant filed an assented-to motion for entry of final judgment "on all counts" set forth in the two complaints. That motion indicated that the parties had originally convened for a trial and that the court had ruled in favor of defendant, determining that the taxes assessed by defendant were legal. On September 24, 2021, judgment entered in favor of defendant, and plaintiff filed timely notices of appeal on October 5, 2021.[2]

---

[2] On October 7, 2022, after these cases were scheduled for oral argument, plaintiff filed a "motion for consideration of new law." The motion indicated that the parties were unable to reach an agreement as to the new law's specific relevance to the instant case. This Court granted plaintiff's motion on October 13, 2022.

The new law in question deals with the tax treatment of real property upon which renewable energy resources are located. General Laws 1956 § 44-5-3(c)(6), as amended by P.L. 2022, ch. 268, § 1, now states that municipalities "may only assess a tax on the real property upon which a renewable energy resource is located pursuant to § 44-5-12(a)(5) and § 44-27-10.1(b), as applicable."

Section 44-5-12(a)(5), as now amended, specifically provides that "[r]enewable energy resources shall only be taxed as tangible property under § 44-5-3(c) and the real property on which they are located shall not be

## II

## Standard of Review

Questions of statutory interpretation are reviewed "in a *de novo* manner." *Powers v. Warwick Public Schools*, 204 A.3d 1078, 1082 (R.I. 2019). This Court has indicated that, "when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *DeMarco v. Travelers Insurance Company*, 26 A.3d 585, 616 (R.I. 2011) (quoting *State v. DiCicco*, 707 A.2d 251, 253 (R.I. 1998)). In situations where "a statute is susceptible of more than one meaning, we employ our well-established maxims of statutory construction in an effort to glean the intent of the Legislature." *Olsen v. DeMayo*, 210 A.3d 431, 435 (R.I. 2019) (quoting *Town*

---

reclassified, revalued, or reassessed due to the presence of renewable energy resources, excepting only reclassification of farmland as addressed in § 44-27-10.1." Section 44-5-12(a)(5) goes on to state that "all assessments of real property with renewable energy resources thereon shall revert to the last assessed value immediately prior to the renewable developer's purchasing, leasing * * * or otherwise acquiring any interest in the real property." Lastly, the revised § 44-5-12(a)(5) states that "notwithstanding the above, but without any limitation on taxpayer rights under § 44-5-26, no municipality shall be liable or otherwise responsible for any rebates, refunds, or any other reimbursements for taxes previously collected for real property with renewable energy resources thereupon."

Although the General Assembly has now prospectively addressed the tax status of renewable energy resources, the statutory interpretation issue now before us remains viable in the present consolidated cases. The new law became effective on July 2, 2022; it was to take effect upon passage, and it is to be applicable to property assessed *on and after December 31, 2022*. *See* P.L. 2022, ch. 268, § 3. For those reasons, the new law has no bearing on this case.

- 6 -

*of Warren v. Bristol Warren Regional School District*, 159 A.3d 1029, 1039 (R.I. 2017)).

**Analysis**

On appeal, plaintiff contends that § 44-5-3(c) prohibits municipalities from increasing the valuation of real property due to the presence of renewable energy projects. The plaintiff asserts that the only tax permitted on solar projects is the tangible property tax imposed in accordance with the rules and regulations established by Rhode Island's Office of Energy Resources. The plaintiff argues that, except for that tax on tangibles, a solar energy development is tax-exempt and that it should not be appraised. Consequently, plaintiff claims that the tax assessor erroneously took into consideration tax-exempt property when assessing the value of plaintiff's real property.

The plaintiff further suggests that the hearing justice's interpretation of § 44-5-3(c) "nullifies the legislature's intent," which plaintiff posits was to create "consistent and foreseeable tax treatment" for renewable energy. Moreover, plaintiff avers that the hearing justice "erred in holding that § 44-5-12 allows municipalities to assess exempt renewable energy equipment as part of the value of real property." The plaintiff asserts that a municipality must determine "the full

and fair cash value of real property separate and apart from the valuation of tangible property."

The defendant counters plaintiff's argument with the contention that plaintiff's property, part of which is used for the generation of solar power, "must be taxed at its full and fair cash value" in accordance with § 44-5-12. The defendant further contends that the land upon which the solar energy development is located is not subject to the limitation on taxation set forth in § 44-5-3(c) because, in defendant's view, land is not a renewable energy resource. The defendant argues that plaintiff has assumed "without evidentiary support" that the increase in valuation of its property was the result of "improper consideration of tangible property as part of the real property valuation."

Section 44-5-3(c) reads in relevant part as follows:

> "Notwithstanding any exemption provided by this section, and except for the exemptions created by §§ 44-3-3(a)(22), 44-3-3(a)(48) and 44-3-3(a)(49), which exemptions shall remain intact, cities and towns may, by ordinance or resolution, tax any renewable energy resources, as defined in § 39-26-5, and associated equipment *only* pursuant to rules and regulations that will be established by the office of energy resources in consultation with the division of taxation after the rules are adopted, no later than November 30, 2016. The rules will provide consistent and foreseeable tax treatment of renewable energy to facilitate and promote installation of grid-connected generation of renewable energy and shall consider the following criteria in adopting appropriate and reasonable, tangible property tax rates for

commercial renewable energy systems[.]" (Emphasis added.)[3]

The plaintiff's argument focuses on the term "only" that appears in the statute, suggesting that the General Assembly intended to prohibit municipalities from increasing the assessment of real property upon which those solar energy elements are located.

This Court has held that our duty is to "strictly construe statutory tax exemptions in favor of the taxing authority." *Delta Airlines, Inc. v. Neary*, 785 A.2d 1123, 1126 (R.I. 2001). We have noted that "the rule of strict construction is not to be applied so as to defeat a clear legislative intent to grant a particular exemption." *Preservation Society of Newport County v. Assessor of Taxes of City of Newport*, 104 R.I. 559, 565, 247 A.2d 430, 434 (1968). Nevertheless, "the party claiming the tax exemption bears the burden of demonstrating that the statute reveals such an intent." *Delta Airlines, Inc.*, 785 A.2d at 1126.

We agree with plaintiff's contention that the General Assembly's overall objective in enacting § 44-5-3(c) is clearly stated within that section—that objective being the "consistent and foreseeable tax treatment of renewable

---

[3] The statute continues, listing the criteria referenced in the last sentence of the quoted portion of § 44-5-3(c). Section 44-5-3(c).

energy[.]"[4]    Notwithstanding the General Assembly's general desire to deal creatively with renewable energy resources, it is undisputed that § 44-5-3(c) makes absolutely no mention of real property.[5]  Prior to the 2022 amendment, the statute without question speaks to tangible property taxes to which solar energy equipment is subject, and it is utterly silent as to real property.  Section 44-5-3(c) even states that the rules "shall consider the * * * [specified] criteria in adopting appropriate and reasonable, tangible property tax rates for commercial renewable energy systems[.]"  The unambiguous language of the statute clearly indicates that the statute does not address the real property upon which a solar energy development is located.  We therefore see no error in including the presence of a solar energy development as an element of value assessed to real property.

Furthermore, we are unpersuaded by plaintiff's argument that, if renewable energy resources and equipment are included in the value of real property, the assessment will exceed the full and fair cash value of the property because, as

---

[4]    Section 44-5-3(c) is consistent with the General Assembly's overall objective alluded to in the text.  But it is the actual words of the statute that must be our focus—not the objective that motivated the enactment of those words.

[5]    We are mindful of the venerable principle of statutory interpretation that "statutory intent is to be found in the words of a statute, if they are free from ambiguity and express a reasonable meaning." *Little v. Conflict of Interest Commission*, 121 R.I. 232, 237, 397 A.2d 884, 887 (1979); *see also State v. Menard*, 888 A.2d 57, 60 (R.I. 2005) ("The best evidence of [the General Assembly's] intent can be found in the plain language used in the statute.") (quoting *Martone v. Johnston School Committee*, 824 A.2d 426, 431 (R.I. 2003)).

plaintiff contends, the solar energy development is a tax-exempt asset that can be taxed only as a tangible asset. Moreover, we view plaintiff's reliance on *St. Clare Home v. Donnelly*, 117 R.I. 464, 368 A.2d 1214 (1977), in making this argument as misplaced. The plaintiff, in citing *St. Clare Home*, argues that "[t]ax-exempt property is not property capable of being appraised." *St. Clare Home*, 117 R.I. at 468, 368 A.2d at 1217. It further contends that "[a]pplication of the tax levy to a valuation which included tax-exempt property would necessarily result in a malapportionment of taxes." *Id.* The plaintiff further emphasizes that property "not capable of being assessed should not be included on the list of property to be valued by the assessor." *Id.*

In *St. Clare Home*, the plaintiff operated "a home for the aged," which was scheduled to be sold at a tax sale. *St. Clare Home*, 117 R.I. at 465, 368 A.2d at 1215. The plaintiff in that case, seeking to enjoin the tax sale, claimed that the property was tax-exempt. *Id.* The plaintiff, however, opted against "pursu[ing] the remedy provided in § 44-5-26[,]" and the Superior Court dismissed the suit due to noncompliance with the applicable statutes. *Id.* at 466, 368 A.2d at 1215-16. The plaintiff argued on appeal that the three-month statute of limitations in § 44-5-27 did not apply because the property in question was tax-exempt. *Id.* at 466, 368 A.2d at 1216. This Court agreed. *Id.* We stated that "tax-exempt property is not ratable property and that § 44-5-27 does not apply to limit the remedies of a

taxpayer who possesses no ratable estate at all because the property is tax-exempt."
*Id.*

The case at bar presents a factually distinguishable scenario from that at issue in *St. Clare Home*. This is not a case in which tax-exempt property has been taxed. The underlying real estate here is not tax-exempt, and plaintiff even acknowledges the important point that the real property is taxable. It is therefore reasonable for an assessor to consider the existence of a solar energy development when assessing the fair market value of the underlying real property in accordance with § 44-5-12. *See Harvard Pilgrim Health Care of New England, Inc. v. Gelati*, 865 A.2d 1028, 1035 (R.I. 2004) (stating that "[t]he assessor, in determining fair market value, 'is not bound by any particular formula, rule or method * * * to ascertain the fair market value of real estate'" (quoting *Ferland Corp. v. Bouchard*, 626 A.2d 210, 215 (R.I. 1993))). Accordingly, in applying the statute's plain and unambiguous terms to the particular facts of this case, we are of the opinion that plaintiff has failed to demonstrate that § 44-5-3(c) was designed to exclude a solar energy development when assessing the real estate upon which it is located.

The plaintiff additionally argues that the tax assessor "effectively created a new tax classification" for property upon which a solar energy development is located, in direct contravention of § 44-5-11.8(b). The plaintiff maintains that the tax assessor created a new property classification because the assessments after

2018 contained the notation that they had been adjusted due to the solar energy development. The defendant contends that plaintiff does not cite any part of the record in making this argument, relying only on evidence that is not in the record.

We consider the plaintiff's argument in this regard to be unpersuasive. The plaintiff points only to the defendant's "new classification – 'Solar A'" and to the notation on the 2019 assessment (*viz.*, "2018 Adjusted Land to 10 AC for Solar") to contend that the defendant created a new tax classification. Section 44-5-11.8(b) establishes the following four classes of property for tax classification purposes: (1) residential real estate; (2) commercial and industrial real estate; (3) ratable, tangible personal property; and (4) motor vehicle and trailers subject to excise tax. The plaintiff has completely failed to convince us how the 2019 assessment notation somehow reflects the creation of a new tax classification. The real estate was not being assessed as though it fell outside one of the four classes of property delineated in § 44-5-11.8(b). The notation merely advises how the assessment of the real property was adjusted—i.e., as a result of the solar energy development located on the real property. For that reason and because the plaintiff points to no other evidence in support of its claim, we deem the plaintiff's argument in this regard as unavailing.

# IV

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record may be returned to that tribunal.



## STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Polseno Properties Management, LLC v. Brenda Keeble, in her capacity as Tax Assessor for the Town of Lincoln.<br><br>Polseno Properties Management, LLC v. Brenda Keeble, in her capacity as Tax Assessor for the Town of Lincoln. |
| **Case Number** | No. 2021-299-Appeal.<br>(PC 20-2506)<br><br>No. 2021-300-Appeal.<br>(PC 21-895) |
| **Date Opinion Filed** | February 21, 2023 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Richard A. Licht |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Seth H. Handy, Esq. |
| | For Defendant:<br><br>Anthony DeSisto, Esq. |

SU-CMS-02A (revised November 2022)