Dureee, C. J.
 

 This is an action to recover of the defendant corporation a personal property tax assessed against it in and by the city of Providence. The corporation denies its liability.
 

 It contends that corporations are not liable to taxation for their personal property in Rhode Island. The statute, Gen. Stat. R. I. cap. 38, § 1, declares that “ All real property in the State, and all personal property belonging to the inhabitants thereof, shall be liable to taxation, unless otherwise specially provided.” There is no other provision which subjects corporations to taxation for their personal property. It is contended that the provision recited does not subject them, because it only extends to personal property belonging to- the inhabitants- of the State, and
 
 *440
 
 a corporation cannot be an inhabitant in any proper sense of tbe word. We should be inclined to consider the argument conclusive if the statute itself did not refute it. Section 2 of cap. 38 designates the property which is exempt from taxation. Among the property so designated is “ the property, real and personal, held for or by any incorporated library society,” and “ the property, real and personal, not exceeding twenty thousand dollars in value, held for or by any church or incorporated religious society or incorporated charitable society.” If the property were not liable to taxation, any exemption would be unnecessary. In cap. 39, § 14, it is provided that “ the personal property liable to taxation, of any religious or benevolent society, shall be taxed in the town where the corporation holds its meetings.” See also cap. 40, § 6. It is manifest from these provisions that corporations are, however improperly, denominated inhabitants.
 

 It is contended that if corporations are taxable for personal property, nevertheless this defendant corporation is not, because its personal property is taxable to the individual members. The corporation is a mutual insurance company. The members, with a few exceptions, are policy holders. The interest which they have in the corporate property, unless they have a claim for loss, or unless a dividend has been declared, is entirely contingent. It is not, in our opinion, such an 'interest as is liable to taxation. Such of the corporate property as does not consist of dividends already declared is, in our opinion, taxable, less the corporate debts, to the corporation. It would otherwise escape taxation.
 

 It is contended that the corporation is not liable because it rendered an account under cap. 40, § 6, showing that it had no “ ratable ” personal property. The defence cannot avail. The account rendered did show some such property. And the account is not conclusive. The assessors are to assess the ratable estate at what they deem its fair value, notwithstanding the account. But by cap. 40, §§ 11 & 12, a remedy is given to those who render an account, if they are aggrieved by the assessment. The remedy is in the nature of an appeal to the Supreme Court, or the Court of Common Pleas. But the remedy given is, in our opinion, the only remedy for excessive taxation. An assessment duly made upon persons or corporations which are taxable to any extent for the kind of property which is assessed is conclusive, unless they avail themselves of the remedy prescribed.
 

 
 *441
 

 Nicholas Van
 
 Slyck, City Solicitor of the city of Providence, for plaintiff.
 

 A. f A. T). Payne
 
 and
 
 John (Eddy,
 
 for defendant.
 

 We give the plaintiff judgment for tbe full amount of the tax, with interest.
 
 Judgment for plaintiff.