277 A.2d 922 (1971)
John E. MURRAY, Director of Finance and Collector of Taxes
v.
ROCKAWAY BOULEVARD WRECKING & LUMBER CO., Inc.
No. 1199-Appeal.
Supreme Court of Rhode Island.
June 8, 1971.
*923 James S. O'Brien, City Solicitor, Newport, for plaintiff.
Ralph Rotondo, Joseph A. Bevilacqua, Providence, for defendant.

OPINION
PER CURIAM.
The plaintiff, Director of Finance and Collector of Taxes of the City of Newport, brought this complaint to recover the sum of $6,000 for taxes alleged to be due for the year 1965, upon personal property in the possession of the defendant alleged to have a situs in the City of Newport at 12 o'clock noon on December 31, 1965.
The defendant filed an answer alleging that the tax assessed was illegal and void.[1] The case was heard before a justice of the Superior Court sitting without a jury, and after the hearing, a decision was rendered in favor of plaintiff for $6,000 plus interest and costs. The case is before us on defendant's appeal from the judgment entered pursuant to such decision.[2]
After reviewing the testimony presented by both plaintiff and defendant, the trial justice found as a fact that defendant corporation was in possession of personal property located in the City of Newport at noon on December 31, 1965, which consisted of machinery and other equipment used in the demolition operation on Goat Island. The trial justice also noted that defendant had failed to file either an account of its ratable property as required by the statute then in effect. G.L. 1956, § 44-5-15, as amended by P.L. 1965, chap. 116, *924 sec. 1,[3] or a petition under the provisions of § 44-5-26,[4] and he concluded that plaintiff had proved his case by a fair preponderance of the evidence. We affirm.
Regardless of whether a tax is attacked on grounds of over-assessment or illegality, the taxing statutes provide the exclusive relief to any person aggrieved by any assessment of taxes against him by any city or town. Tripp v. Merchants' Mut. Fire Ins. Co., 12 R.I. 435 (1879).
As we have stated, defendant here did not file a petition as required under § 44-5-26. Section 44-5-27 provides that:
"The remedy provided in § 44-5-26 shall be exclusive if the taxpayer owned or possessed any ratable estate at all * * *. A taxpayer alleging an illegal or void tax assessment against him shall be confined to the remedies provided by § 44-5-26."
In the case at bar defendant did not seek the relief provided to it by the statute; instead it had attempted to defend the instant action in a manner not authorized by the statute. This it cannot do. Tripp v. Merchants' Mut. Fire Ins. Co., supra. See also Ewing v. Jamestown Tax Assessors, 93 R.I. 372, 176 A.2d 69; Sayles Finishing Plants, Inc. v. Toomey, 95 R.I. 471, 188 A.2d 91. Compare Langton v. Brady Electrical Co., 100 R.I. 366, 216 A.2d 134.
The defendant's appeal is denied and dismissed and the judgment is affirmed.
NOTES
[1] It is undisputed that defendant corporation filed no true and accurate account of the tangible personal property which it had been using in the demolition of buildings on Goat Island, which is located in the inner harbor of Newport.
[2] The judgment in the case at bar has not been set forth on a separate document as required by Super. R. Civ. P. 58 (a). Rather the judgment is evidenced by the last sentence in the trial justice's decision stating: "Judgment for the plaintiff in the sum of $6,000.00 together with interest and costs." In East Providence Credit Union v. Brown, 104 R.I. 92, 242 A.2d 428, the court said:

"* * * rule 58 (a) says that a judgment must be set forth on a separate document and that it shall not be effective or deemed entered unless so set forth and signed by the clerk." Id. at 92, 242 A.2d 428.
Although the plaintiff has not challenged the validity of defendant's appeal the court sua sponte calls this failure to the attention of the parties to ensure compliance with procedural rules and decisions of this court. However, even though there has been a technical deficiency, in the circumstances of this case and to avoid delay in this litigation, we have remanded the papers to the Superior Court for the entry of a nunc pro tunc separate judgment incorporating the trial justice's judgment in the decision. Proper judgment has been made and entered and the papers returned, and we now consider the case as properly before us. Our action here, however, is not to be considered precedential.
[3] General Laws 1956, § 44-5-15, as amended by P.L. 1965, chap. 116, sec. 1, and § 44-5-16, as amended by P.L. 1965, chap. 61, sec. 1, in pertinent part, reads as follows:

"Notice by taxpayer of intent to bring in account * * * if any person or body corporate liable to taxation shall file with the assessors, on or before January 31st next following the date of assessment, a written notice of his or its intention to bring in an account, such person or body corporate may bring in to the assessors such account at any time between March 1st and March 15th next following the date of assessment. * * * provided, however, in case any such person or body corporate shall fail to file any intention as aforesaid, he or it shall be deemed to have waived his or its rights to file such account."
"Remedies after failure to bring in account * * * whoever neglects or refuses to bring in such account, if overtaxed, shall have no remedy therefor, except as provided in §§ 44-4-14, 44-4-15, 44-5-26 to 44-5-31, inclusive, and 44-9-19 to 44-9-24, inclusive."
[4] "Petition in superior court for relief from assessment.  Any person aggrieved on any ground whatsoever by any assessment of taxes against him in any city or town, may within three (3) months after the last day appointed for the payment * * * file a petition in the superior court for the county in which such city or town lies for relief from such assessment * * *."

"Provided, however, that in case such person has not filed an account he shall not have the benefit of the remedy provided in this section and in §§ 44-5-27 to 44-5-31, inclusive, unless * * * or (2) the tax assessed is illegal in whole or in part; and his remedy shall be limited to a review of the assessment on such real estate or to relief with respect to such illegal tax as the case may be."