306 A.2d 179.

S. S. KRESGE COMPANY *vs.* ARTHUR E. BOUCHARD, *Assessor of Taxes of the City of Woonsocket et al.*

JUNE 28, 1973.

PRESENT: Roberts, C. J., Paolino, Kelleher and Doris, JJ.

PAOLINO, J. This case is before us on certification from the Superior Court of a question of doubt and importance. General Laws 1956 (1969 Reenactment) §9-24-27. The question certified results from a complaint brought by the plaintiff, the owner of certain real estate located in the city of Woonsocket, in which the city assessor of that municipality and the state of Rhode Island are named as the defendants.

In its amended complaint plaintiff alleges in substance that the city assessor overassessed the valuation of its property in Woonsocket and apportioned a correspondingly excessive and illegal tax thereon; that such illegal valuation and tax violated the equal protection clause of art. XIV, sec. 1 of amendments to the Federal Constitution; that the

city assessor also violated §§42-44-25 and 42-44-26 by failing to provide a uniform statewide assessment; that the assessor was an agent of the state and that it was the duty of the state, as principal, by and through its agent, to assess a valuation and apportion a tax on plaintiff's real estate in accordance with the provisions of the equal protection clause of art. XIV, sec. 1 of amendments to the Federal Constitution, art. I, sec. 2 of the state constitution, and G. L. 1956 (1970 Reenactment) §44-5-12. It is plaintiff's contention that the acts and omissions of the assessor in assessing an excessive and illegal valuation on plaintiff's real estate, and in apportioning a correspondingly excessive and illegal tax thereon constituted a violation of the duty imposed by these constitutional and statutory provisions; that this breach of duty constitutes a tort by the state as principal; and that, under the provisions of P. L. 1970, ch. 181, now G. L. 1956 (1969 Reenactment) §9-31-1, it has an actionable claim for tort against the state.[1]

The state filed a motion to dismiss in the Superior Court on the ground that plaintiff's complaint failed to state a claim upon which relief could be granted. Before any action was taken on this motion, the Attorney General, who represented the state, being of the opinion that a question of law had arisen which was of such doubt and importance and so affected the merits of the controversy that it ought to be determined by this court before further proceedings, filed a motion in the Superior Court for certification of the

---

[1]General Laws 1956 (1969 Reenactment) §9-31-1, under which the Legislature waived the state's immunity from liability in actions of tort, reads as follows:

"Tort liability of state.—The state of Rhode Island and any political subdivision thereof, including all cities and towns, shall, subject to the period of limitations set forth in §9-1-25, hereby be liable in all actions of tort in the same manner as a private individual or corporation, provided however, that any recovery in any such action shall not exceed the monetary limitations thereof set forth in the chapter." ,

following question in accordance with the provisions of §9-24-27.[2]

> " 'Does the action comprehended by the plaintiff's complaint, as amended, state a claim against the defendant, State of Rhode Island and Providence Plantations, upon which relief can be granted to the plaintiff under the provisions of the General Laws, 1956, (1969 Reenactment, as amended), Title 9, Chapter 31?' "

On November 11, 1971, an order of certification was entered and the Superior Court stayed all proceedings against the state until the question certified was heard and determined.

The facts in this case are simple and the issue raised by the certified question is very narrow. This case involves a claim by plaintiff that its real estate had been illegally assessed and taxed. Instead of availing itself of the remedy prescribed in §44-5-26, by filing a petition for relief in the Superior Court, plaintiff brought this action under §9-31-1 alleging that the allegations in its complaint, if proved, would constitute proof of a violation by the city assessor, as an agent of the state, of a duty owed to plaintiff, by virtue of which violation damage has accrued to plaintiff, that this would fall within the contemplation of the term

---

[2]General Laws 1956 (1969 Reenactment) §9-24-27, reads as follows:

"Certifications of questions of importance to the supreme court.— Whenever in any proceedings, civil or criminal, legal or equitable, in the superior court or in any district court, any question of law shall arise, or the constitutionality of an act of the general assembly shall be brought in question upon the record, which in the opinion of the court, or in the opinion of the attorney-general, if the state be a party to such proceeding or if he has intervened therein, is of such doubt and importance, and so affects the merits of the controversy that it ought to be determined by the supreme court before further proceedings, the court in which the cause is pending shall certify such question or motion to the supreme court for that purpose and stay all further proceedings until the question is heard and determined; provided, that no question shall be so certified in any criminal case where the defendant has not been released on bail."

"tort" as used in §9-31-1, and that it would be a tort for which the state, as principal, would be liable to plaintiff.[3]

In brief, plaintiff argues that when the Legislature waived the sovereign immunity of the state and in express terms provided that the state shall be liable "in *all* actions of tort," (emphasis added) it evidenced a legislative intent that §9-31-1 included all torts, regardless of the nature of the same and that it intended to subject the state to the same liability to refund taxes unlawfully exacted to which it had previously subjected its municipalities. Further, plaintiff makes reference to the Federal Tort Claims Act, 28 U.S.C.A. §2674 (1965) and points out that the Federal Act specifically excludes any claim arising with respect to the assessment or collection of any tax. 28 U.S.C.A. §2680 (1965). From this, plaintiff argues that the absence of comparable exclusions in ch. 31 of title 9, together with the express provision therein that the state shall be liable "in *all* actions of tort" signifies a legislative intent that the Legislature, in enacting §9-31-1 after our decision in *Becker* v. *Beaudoin,* 106 R. I. 562, 261 A.2d 896 (1970), contemplated all torts.[4]

We answer the question certified to us in the negative. It is not necessary here to pass upon the question of whether the city assessor is an agent of the state. For the purposes of this case we shall assume that he is. This leaves open only the question of whether in enacting P. L. 1970, ch. 181 (now §§9-31-1 through 9-31-7) the Legislature contemplated the kind of relief plaintiff is seeking in this action. We do not believe that it did, and this is so notwithstanding the absence of any language expressly excluding

---

[3]General Laws 1956 (1970 Reenactment) §44-5-26 and §44-5-27 are attached hereto as Appendix A.

[4]In *Becker* v. *Beaudoin,* 106 R. I. 562, 261 A.2d 896 (1970), we abrogated the immunity conferred by the courts of this state upon municipal and quasi-municipal corporations as to claims arising after June 30, 1970.

claims arising out of the alleged illegal assessment or collection of any tax.

The relief which the Legislature provided for in §44-5-26 is the exclusive remedy available for relief from an alleged illegal assessment of taxes. *Murray* v. *Rockaway Boulevard Wrecking & Lumber Co.*, 108 R. I. 607, 277 A.2d 922 (1971). We feel certain that if the Legislature intended to furnish the taxpayer with another remedy by means of §9-31-1, it would have said so in view of the existence of the remedy already provided in §44-5-26.

We hold, therefore, that the action comprehended in the plaintiff's amended complaint does not state a claim against the state of Rhode Island upon which relief can be granted under the provisions of §9-31-1.

The papers in the case are remanded to the Superior Court for further proceedings.

Mr. Justice Joslin did not participate.

### APPENDIX A

44-5-26. Petition in superior court for relief from assessment.—Any person aggrieved on any ground whatsoever by any assessment of taxes against him in any city or town, may within three (3) months after the last day appointed for the payment without penalty of such tax, or the first instalment thereof, if such tax be payable in instalments, file a petition in the superior court for the county in which such city or town lies for relief from such assessment, to which petition the assessors of taxes of said city or town in office at the time such petition is filed shall be made parties respondent, and the clerk shall thereupon issue a citation substantially in the following form:

THE STATE OF
RHODE ISLAND AND PROVIDENCE
PLANTATIONS.

To the sheriffs of our several counties, or to their deputies, Greetings:

We command you to summon the assessors of taxes of the town of          : to wit,                    of

(if to be found in your precinct) to answer the complaint of of on the return day hereof (said return day being the day of A. D. 19 ) in the superior court to be holden at the county courthouse in as by petition filed in court is fully set forth; and to show cause why said petition should not be granted.

Hereof fail not, and make true return of this writ with your doings thereon.

Witness, the seal of our superior court, at this day of in the year

, Clerk.

Provided, however, that in case such person has not filed an account, he shall not have the benefit of the remedy provided in this section and in §§44-5-27 to 44-5-31, inclusive, unless (1) his real estate has been assessed at a value in excess of the value at which it was assessed on the last preceding assessment day, whether then owned by him or not, and has been assessed, if assessment has been made at full and fair cash value, at a value in excess of its full and fair cash value, or, if assessment has purportedly been made at a uniform percentage of full and fair cash value, at a percentage in excess of such uniform percentage, or (2) the tax assessed is illegal in whole or in part; and his remedy shall be limited to a review of the assessment on such real estate or to relief with respect to such illegal tax as the case may be.

44-5-27. Exclusiveness of remedy by petition.—The remedy provided in §44-5-26 shall be exclusive if the taxpayer owned or possessed any ratable estate at all, except that in a proper case the taxpayer may invoke the equity jurisdiction of the superior court provided that complaint is filed within three (3) months after the last day appointed for the payment without penalty of such tax, or the first instalment thereof, if such tax be payable in instalments. A taxpayer alleging an illegal or void tax assessment against him shall be confined to the remedies provided by §44-5-26.

*Hanson, Curran, Bowen & Parks, E. Howland Bowen,* for plaintiff.

*Richard J. Israel,* Attorney General, *W. Slater Allen, Jr.,* Asst. Attorney General, for defendant, State of Rhode Island.