Paul J. HOGAN

v.

Deborah G. HOGAN.

No. 92–570–Appeal.

Supreme Court of Rhode Island.

Nov. 18, 1993.

Kathleen Managhan, Joseph Houlihan, Newport.

John McCann, Pawtucket, Christopher Russo, Cranston.

## ORDER

This matter came before the Supreme Court pursuant to an order directing both parties to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case plaintiff had appealed from a Family Court order denying his request for post-divorce specific performance of a property settlement agreement entered into by him and defendant Deborah G. Hogan.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, it is the conclusion of this court that cause has not been shown. The court is of the opinion that the agreement clearly set out that the defendant took the stock in question subject to the encumbrance but did not assume the obligation of payment of the mortgage.

For these reasons the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed and the papers of the case are remanded to the Superior Court.

MURRAY, J., did not participate.

■

Hugh HULSLANDER, et al.

v.

J. Frederick MURPHY, et al.

No. 93–42–A.

Supreme Court of Rhode Island.

Nov. 18, 1993.

Alison Holm, Gary Yesser, Providence.

Joseph Palumbo, Middletown.

## ORDER

This matter came before a panel of the Supreme Court on November 16, 1993 pursuant to an order requiring the parties to appear and to show cause why the issues raised in the plaintiffs' appeal should not be summarily decided.

The plaintiff's appeal a Superior Court order granting the defendants' motion to dismiss made pursuant to Super.R.Civ.P. 12(b)(6). After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, it is the conclusion of this court that cause has not been shown. In rule 12(b)(6) dismissals the allegations must show that there is some insuperable bar to relief. *Goldstein v. Rhode Island Hospital Trust National Bank,* 110 R.I. 580, 296 A.2d 112 (1972). We conclude that the passing of the statutory period of limitation provided in G.L.1956 (1985 Reenactment) § 9–1–14(b) constituted that insuperable bar.

The ruling of the trial justice is affirmed and the plaintiffs' appeal is denied and dismissed.

WEISBERGER, Acting C.J., did not participate.