Patricia A. BERARD

v.

**RYDER STUDENT
TRANSPORTATION SERVICES, INC.**

**No. 99–260–Appeal.**

Supreme Court of Rhode Island.

March 15, 2001.

Robert E. Savage, Warrick, for Plaintiff.

Theodore Orson, Richard J. Land, Barry A. Guryan, Daniel J. Blake, Providence, for Defendant.

Present WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

■ The sufficiency and adequacy of a *pro se* complaint forms the gravamen of this appeal. The plaintiff, Patricia A. Berard, appeals from the granting of a motion to dismiss her complaint in favor of the defendant, Ryder Student Transportation Services, Inc. We assigned this case to the show cause calendar and directed both parties to show cause why the issues raised by this appeal should not be summarily decided. Because neither party has done so, we proceed to decide the appeal at this time.

■ The relevant facts in this matter are as follows. The defendant formerly employed plaintiff as a school bus driver. On August 26, 1996, plaintiff filed a complaint with the Rhode Island Commission for Human Rights (RICHR or commission), alleging sexual harassment and discrimination. On June 16, 1998, at her request, the commission granted plaintiff the right to sue defendant in state court pursuant to G.L.1956 § 28-5-24.1.[1] Thereafter, on June 23, 1998, acting *pro se* (without the benefit of any legal representation), plaintiff filed a welter of documents in Superior Court. She contends that one or more of these documents should have been deemed as her *pro se* complaint against defendant, even though she neglected to label any one of them as her complaint. Thus, of the more than sixty pages that plaintiff filed in the clerk's office on June 23, 1998, it is unclear which of them she intended to serve as her actual complaint. What is clear is that none of them satisfied the pleading requirements, including Rule 10 of the Superior Court Rules of Civil Procedure.[2] Moreover, even if all of the documents plaintiff filed on June 23, 1998, could somehow be "adopted by reference" into one pleading, in accordance with Rule 10(c), and considered together to constitute the complaint, they still failed to state with any specificity

1. General Laws 1956 § 28-5-24.1(a) provides in pertinent part:
   "A complainant may ask for a right to sue in state court if not less than one hundred and twenty (120) days and not more than two (2) years have elapsed from the date of filing of a charge, if the commission has been unable to secure a settlement agreement or conciliation agreement and if the commission has not commenced a hearing on a complaint. The commission shall grant the right to sue within thirty (30) days after receipt of the request. This terminates all proceedings before the commission and gives to the complainant the right to commence suit in the superior court in any county as provided in § 28-5-28 within ninety (90) days after the granting of the request."

2. Rule 10 of the Superior Court Rules of Civil Procedure requires that:
   "(a) *Caption; Names of Parties.* Every pleading shall contain a caption setting forth the name of the court, the county, the title of the action, the file number, and a designation as in Rule 7(a). In the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties.
   "(b) *Paragraphs; Separate Statements.* All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.
   "(c) *Adoption by Reference; Exhibits.* Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion. A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."

plaintiff's cause of action, nor did they set forth a claim upon which relief could be granted. *See* Super. R. Civ. P. 8(a).

In response to this submission, defendant filed a "Motion for More Definite Statement," asserting that plaintiff's filing did not contain "a description of the causes of action which she is pursuing" or "any prayer for relief or other description of the relief sought." Later, defendant also filed a "Motion to Strike," seeking to delete from the record the more than sixty pages of documents that plaintiff had filed as her purported complaint. The defendant alleged that the documents were "redundant, immaterial, [and] impertinent" pursuant to Rule 12(f) of the Superior Court Rules of Civil Procedure.

After a hearing, a Superior Court motion justice granted these motions and ordered that, within thirty days, "the Plaintiff shall file with this Court and shall serve upon Defendant's attorneys, a complaint capable of evaluation and response by the Defendant." Further, the court ordered that if plaintiff failed to comply with the order within thirty days, all documents filed by plaintiff would be stricken and her case would be dismissed.

Following the hearing, plaintiff filed several additional documents, two of which were entitled "Response for More Definite Statement" and "Response to Request for More Definite Statement." The latter document seemed to set forth, in a rambling and narrative form, alleged facts about a relationship plaintiff had maintained with a fellow employee. The former document contained plaintiff's request for damages. Thereafter, on November 4, 1998, defendant filed a "Motion to Strike and Dismiss" plaintiff's purported complaint, alleging that plaintiff still had not complied with the court's previous order. The defendant alleged that plaintiff's response to its request for a more definite statement was "impertinent to any legal claim" and "scandalous." Following a second hearing before the motion justice, the court granted defendant's motions and entered its dismissal order on that same date. The plaintiff thereafter filed a timely notice of appeal.

The issue on appeal is whether the motion justice erred in granting defendant's motion to dismiss. The plaintiff contends that while she may not have complied technically with the rules relative to the filing of a complaint, defendant nevertheless had constructive knowledge of her claims based upon the fact that previously she had filed a charge of discrimination against defendant with the RICHR. The plaintiff also suggests that the motion justice's dismissal of the complaint in this case was too harsh a sanction, especially in light of her *pro se* status. The defendant counters by positing that the motion justice properly exercised her discretion in dismissing plaintiff's complaint. By filing an improper jumble of documents, defendant argues, plaintiff not only failed to comply with the rules initially, but also she failed to comply with the court's subsequent order that required her to file a pleading capable of an appropriate evaluation and response by defendant.

■ Pursuant to Rule 41(b)(2) of the Superior Court Rules of Civil Procedure, a motion justice may, in his or her discretion, dismiss any action for failure of the plaintiff to comply with the Rules of Civil Procedure. In this case, the motion justice determined that plaintiff's complaint was deficient because it did not conform to Rule 8(a), which provides in pertinent part:

> "A pleading which sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks."

This Court has stated that a plaintiff is not required to plead the ultimate facts that must be proven to succeed on the complaint, nor must the plaintiff set out the legal theory upon which the claim is based. *See Haley v. Town of Lincoln*, 611 A.2d 845, 848 (R.I.1992). "All that is required

is that the complaint give the opposing party fair and adequate notice of the type of claim being asserted." *Id.* (citing Freidenthal, Kane, and Miller, *Civil Procedure* §§ 5.7, 5.8 at 252–56 (West 1985); 1 Kent, *R.I. Civ. Prac.* § 8.2 at 83–84 (1969)).

Nevertheless, after scrutinizing the documents that plaintiff filed, we are persuaded that her purported complaint did not comply with the applicable rules because it failed to notify defendant adequately of the nature of plaintiff's claim and the grounds upon which she was basing her request for relief. Indeed, her initial filing failed to indicate which of the more than sixty pages of different types of documents constituted the complaint. Moreover, it included documents that were not even the work product of plaintiff, such as a response from the compliance manager of defendant's company to plaintiff's charge of sexual harassment and discrimination before the commission. No defendant who was served with this morass of paper could respond in the way that the applicable rules provide for pleadings in Superior Court to be answered. Thus, this submission was woefully inadequate to satisfy the requirements of Rules 8 and 10.

Furthermore, despite the fact that the motion justice afforded her an opportunity to cure her deficient complaint by filing one that complied with the rules, plaintiff still failed to do so. The motion justice determined that plaintiff's supplemental filing was also inadequate and, therefore, she ruled that plaintiff had failed to comply with the court's earlier order. As a result, she granted defendant's motion to dismiss.

At both the hearing on the dismissal motion and in her appeal to us, plaintiff essentially admits that her initial filing was improper and not in compliance with the Rules of Civil Procedure. However, she seems to suggest that because she lacked legal representation and appeared as a *pro se* plaintiff, she lacked the requisite experience and knowledge necessary to comply with the court rules or with the motion justice's order, and therefore her noncompliance should be excused.

■ Although this Court has recognized that litigants have the right to represent themselves as *pro se* litigants, "the courts of this state cannot and will not entirely overlook established rules of procedure, 'adherence to which is necessary [so] that parties may know their rights, that the real issues in controversy may be presented and determined, and that the business of the courts may be carried on with reasonable dispatch.'" *Gray v. Stillman White Co.*, 522 A.2d 737, 741 (R.I.1987) (quoting *O'Connor v. Solomon,* 103 Conn. 744, 131 A. 736, 736 (1926)).

■ In this case, the plaintiff's attempts to file and serve a complaint failed to give the requisite notice to the defendant concerning her claim. Nevertheless, she asserts that the defendant had "sufficient constructive knowledge" of her claim because the same allegations provided the basis for her action before the RICHR. Contrary to the plaintiff's assertion, the defendant did not have constructive notice of the plaintiff's claim by way of her previous action before the commission. The action before the commission was a separate matter from this lawsuit. It terminated upon the commission's granting the plaintiff's request to file suit in Superior Court. Thus, even though her allegations to the commission served as the predicate for plaintiff's lawsuit, a complaint pursuant to Rule 8 must notify the defendant of the nature of the plaintiff's complaint and the grounds on which he or she relies for the relief requested. Rule 8, in conjunction with Rule 5 of the Superior Court Rules of Civil Procedure, entitles a defendant to actual notice of a plaintiff's complaint, not constructive notice. The plaintiff is not entitled to assume that a defendant knows what she is claiming based upon their previous dealings or communications with each other, or based upon the allegations in some previous proceeding between them. Moreover, given the fact that the

plaintiff's initial and supplemental filings were, as a practical matter, incomprehensible in terms of discerning what acts the plaintiff alleged the defendant had committed that entitled her to legal or equitable relief in her Superior Court action, we conclude that the motion justice properly granted the defendant's motion to dismiss. Because the plaintiff acted at her own peril in filing and in continuing this action while representing herself, she must bear the consequences of that decision when she has failed to comply with the applicable rules—even after the court gave her a reasonable chance to do so.

For these reasons, we deny the plaintiff's appeal and affirm the dismissal of her complaint. However, even the defendant concedes that the Superior Court's dismissal order should have been without prejudice to the plaintiff's refiling of a new action based upon a proper complaint. Accordingly, we vacate the original dismissal order and judgment and remand this case to the Superior Court for entry of an amended dismissal order and judgment that, pursuant to Rule 41(b)(3), specifies that the dismissal of this action shall be without prejudice to the plaintiff's refiling of a new action based upon a proper complaint because the dismissal of this action did not operate as an adjudication upon the merits of whatever claims the plaintiff may possess.

WILLIAMS, C.J., did not participate.