Elizabeth DELLEFRATTE

v.

ESTATE OF Augustine
DELLEFRATTE.

No. 2007–18–Appeal.

Supreme Court of Rhode Island.

Dec. 17, 2007.

Elizabeth Dellefratte, pro se.

Dean G. Robinson, Esq., for Defendant.

## ORDER

The plaintiff, Elizabeth Dellefratte, appeals *pro se* from a judgment dismissing her complaint in the Superior Court against the defendant estate of her father, Augustine Dellefratte. In addition, the plaintiff requests that this Court enter a judgment of default against the defendant. The parties appeared before the Supreme Court on December 3, 2007, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing arguments and reviewing the parties' memoranda, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time.

We affirm the judgment of the Superior Court.

On April 21, 2006, plaintiff filed a *pro se* handwritten complaint, which stated in full:

> "Lien against property located at 85 Upland Way, Barrington, R.I. 02806 for repairs, upkeep and maintaining the grounds at this location for 35 years at 1,142.86 per year."

The complaint was not answered, but on July 19, 2006, defendant filed a motion to dismiss under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure, for failure to state a claim upon which relief could be granted. At the hearing on the motion to dismiss, plaintiff claimed that she was present in the courtroom only to address a different case pending against defendant; she said that she had not received notice that defendant had filed a responsive pleading in this case. The hearing justice granted a recess for plaintiff to review the memorandum supporting defendant's motion to dismiss. After the parties were given the opportunity to be heard, the hearing justice ruled that the complaint provided neither a sufficient factual basis nor a legal theory for liability, and she granted defendant's motion to dismiss. The plaintiff timely appealed.

When reviewing the grant of a Rule 12(b)(6) motion, this Court applies the same standards as the motion justice and must "assume that the allegations contained in the complaint are true, and examine the facts in the light most favorable to the nonmoving party." *McKenna v. Williams*, 874 A.2d 217, 225 (R.I.2005) (quoting *Estate of Sherman v. Almeida*, 747 A.2d 470, 473 (R.I.2000)). "The 'sole function of a motion to dismiss' pursuant to Rule 12(b)(6) is 'to test the sufficiency of the complaint.'" *McKenna*, 874 A.2d at 225 (quoting *Rhode Island Affiliate, ACLU, Inc. v. Bernasconi*, 557 A.2d 1232, 1232 (R.I.1989)). The motion then may be granted only if it "appears beyond a reasonable doubt that plaintiff would not be entitled to relief, under any facts that could be established." *Id.* (citing *Laurence v. Sollitto*, 788 A.2d 455, 456 (R.I. 2002)).

Rule 8(a) of the Superior Court Rules of Civil Procedure requires a complaint to contain: "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks." A viable complaint must "give the opposing party fair and adequate notice of the type of claim being asserted," even if it does not plead the ultimate facts or precise legal theory upon which the claim is based. *Berard v. Ryder Student Transportation Services, Inc.*, 767 A.2d 81, 83 (R.I.2001) (citing *Haley v. Town of Lincoln*, 611 A.2d 845, 848 (R.I.1992)) (citing Friedenthal, Kane, and Miller, Civil Procedure §§ 5.7, 5.8 at 252–56 (West 1985) and 1 Kent, *R.I. Civ. Prac.* § 8.2 at 83–84 (1969)).

■ On appeal, plaintiff has failed to satisfy us that her complaint should not have been dismissed. From the record at the hearing below, we can discern that she believed that simply submitting a "bill" for her services was a viable complaint. Unfortunately, submitting a bill does not give defendant the notice of what legal grounds plaintiff is relying upon, making it impossible for defendant to answer and defend.[1]

■ The second issue raised by the plaintiff on appeal is that this Court should enter a default judgment against defendant because the defendant's answer was not filed within twenty days of service of the complaint. But this issue never was raised before the hearing justice. The plaintiff never applied for an entry of default at any time, let alone before the defendant filed his motion to dismiss. *See Urena v. Theta Products, Inc.*, 899 A.2d 449, 454 (R.I.2006) (holding that when the motion for entry of default was filed after the defendant had pleaded and asserted its defense, the motion properly was denied).

We affirm the dismissal of the plaintiff's complaint, and return the record and papers to the Superior Court.

Entered as an Order of this Court this 17th day of December, 2007.

---

1. We note that the dismissal of plaintiff's complaint does not bar plaintiff from filing a new action, based upon a proper complaint, at a later time. *See Berard v. Ryder Student Transportation Services, Inc.*, 767 A.2d 81, 85 (R.I.2001).