DECISION
The Narragansett Electric Company ("Narragansett" or "Plaintiff) has filed a Complaint against the taxing authorities of thirty four of Rhode Island's thirty nine municipalities. It seeks declaratory and injunctive relief relative to the taxes assessed for the 2007 tax year by these Defendant towns and cities on certain property of the Plaintiff located in each municipality.[1] The property in question consists of utility equipment used for purposes of transporting and supplying natural gas, more particularly, gas mains, meters, regulators, valves and preheaters ("hereinafter referred to collectively as the "gas assets").[2] The Plaintiff generally alleges that the gas assets have been the subject of over-assessment and illegal taxation. *Page 5 
Plaintiff seeks from this Court a declaration as to how these assets lawfully should be taxed by each municipality. In doing so, it generally sets forth that some of the Defendant towns and cities have misapplied Rhode Island Law when they taxed the gas assets at rates that exceeded the maximum allowable rates permitted under G. L. 1956 §§ 44-5-11.8
through 44-5-79, and that in so doing, have assessed and presumably collected taxes which are impermissible and illegal. Specific facts as to each Defendant municipality are lacking, except there is some detail provided in documents attached to the Complaint as to the process in the Town of Cumberland.[3]
In lieu of answers, the Defendant municipalities have filed Motions to Dismiss on the basis of the Complaint's failure to state a claim and/or the lack of jurisdiction of this Court to entertain these issues by way of declaratory relief. In addition, pending before this Court are at least four separate administrative appeals from final Decisions of the Tax Boards of Review in Cranston, Pawtucket, Warwick, and West Warwick, concerning the tax imposed on the "gas assets" in those communities.[4]
 I Standard of Review
Rule 12(b) of the Superior Court Rules of Civil Procedure provides in pertinent part: *Page 6 
 "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter . . . (6) failure to state a claim upon which relief can be granted. . . ."
When considering a 12(b)(6) motion, the Court shall "assume that the allegations contained in the complaint are true, and examine the facts in the light most favorable to the nonmoving party." Dellefratte v.Estate of Dellefratte, 941 A.2d 797, 798 (R.I. 2007) (quotingMcKenna v. Williams, 874 A.2d 217, 225 (R.I. 2005)). It is axiomatic that "[t]he sole function of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint."Dellefratte, 941 A.2d at 798 (internal quotations omitted). Accordingly, the motion only may be granted when it "appears beyond a reasonable doubt that plaintiff would not be entitled to relief, under any facts that could be established." Id.
In addition, the Court may order dismissal "[i]n rule 12(b)(6) dismissals [if] the allegations . . . show that there is some insuperable bar to relief." Hulslander v. Murphy, 633 A.2d 263 (R.I. 1993) (mem.) (citing Goldstein v. Rhode Island Hospital Trust NationalBank, 110 R.I. 580, 296 A.2d 112 (1972) (concluding that the passing of the pertinent statutory period of limitation "constituted that insuperable bar[]"). With respect to a Rule 12(b)(1) motion to dismiss, "[t]he term `lack of jurisdiction over the subject matter' means quite simply that a given court lacks judicial power to decide a particular controversy." Pollard v. Acer Group, 870 A.2d 429, 433 (R.I. 2005) (emphasis in original). *Page 7 
 II Analysis
The Plaintiff has made various allegations concerning Defendants' alleged violations of chapter 5 of title 44, entitled the Levy and Assessment of Local Taxes Act ("the Act"). It contends that some of Defendants (at least in some unidentified instances) assessed the gas assets at excessive and illegal amounts. It also contends that "R.I. Gen. Laws § 44-5-12.1 is in direct conflict with R.I. Gen. Laws § 44-4-3, which provides that Plaintiffs property is declared to be real estate for taxation purposes," and that § 44-5-12.1 is the controlling provision. It seeks a declaration from this Court "that all Defendants [and presumably all municipalities in Rhode Island] must assess Plaintiffs gas assets (and perhaps other utility infrastructure) as tangible personal property in accordance with the procedure and process prescribed in R.I. Gen. Laws § 44-5-12.1." The Plaintiff further asserts that the Defendants' application of the Act is in violation of procedural and substantive due process. It also seeks the granting of a temporary, preliminary, and permanent injunction ordering the Defendants to apply the Act in accordance with its interpretation.
The Defendants counter that § 44-5-26 provides the exclusive remedy for the overassessment of taxes, and that because the Plaintiff did not timely appeal the alleged overassessments under the procedures established by the Act, it has waived its right to now challenge those assessments by way of this declaratory action. They further maintain that the petition for declaratory relief should be dismissed because the Complaint, on its face, constitutes a request for a prohibited advisory opinion.[5] *Page 8 
The first issue to address is whether Plaintiff properly has invoked this Court's subject matter jurisdiction. A declaratory judgment "is neither an action at law nor a suit in equity but a novel statutory proceeding. . . ." Northern Trust Co. v. Zoning Bd. of Review of Town ofWesterly, 899 A.2d 517, 520, n. 6 (R.I. 2006) (quoting Newport AmusementCo. v. Maher, 92 R.I. 51, 53, 166 A.2d 216, 217 (I960)). This Court acknowledges that the purpose of the Uniform Declaratory Judgments Act ("UDJA") is "to allow the trial justice to `facilitate the termination of controversies.'" Bradford Assocs. v. R.I. Div. of Purchases,772 A.2d 485, 489 (R.I. 2001) (citations omitted). Thus, the UDJA grants broad jurisdiction to the Superior Court to "declare rights, status, and other legal relations whether or not further relief is or could be claimed." Section 9-30-1; see also Sullivan v. Chafee, 703 A.2d 748, 751 (R.I. 1997) (stating that trial court's "decision to grant or to deny declaratory relief under the [UDJA] is purely discretionary[]").
Accordingly, while other avenues of relief may exist, a party is not precluded from seeking relief under the UDJA when "the complaint seeks a declaration that the challenged ordinance or rule is facially unconstitutional or in excess of statutory powers, or that the agency or board had no jurisdiction." Tucker Estates Charlestown, LLC v. Town ofCharlestown, No. 2008-108-Appeal slip op. at 3 (filed February 27, 2009) (quoting Kingslev v. Miller, 120 R.I. 372, 374, 388 A.2d 357, 359
(1978); Berberian v. Travisono, 114 R.I. 269, 273, 332 A.2d 121, 123
(1975)); see also Town of Richmond v. Rhode Island Dept. ofEnvironmental Management, 941 A.2d 151, 156 (R.I. 2008) ("Although exhaustion of administrative remedies is a mandatory condition precedent to judicial review under § 42-35-15, th[e] Court has recognized that in certain instances a party may seek declaratory relief in the Superior Court. Such circumstances *Page 9 
generally arise in the context of a rule or practice of the agency that is challenged as unconstitutional or in excess of the agency's statutory authority.").
The UDJA "gives a broad grant of jurisdiction to the Superior Court to determine the rights of any person that may arise under a statute not in its appellate capacity but as a part of its original jurisdiction."Canario v. Culhane, 752 A.2d 476, 479 (R.I. 2000) (citing Roch v.Harrahy, 419 A.2d 827, 830 (R.I. 1980)). Thus, the Court's "discretion concerning whether to entertain the action itself [] is [] limited."Tucker Estates Charlestown, LLC at 3 (citing Perron v. Treasurer ofWoonsocket 121 R.I. 781, 786, 403 A.2d 252, 255 (1979)). "A dismissal of a declaratory-judgment action before a hearing on the merits, under Rule 12(b)(6), is proper only when the pleadings demonstrate that, beyond a reasonable doubt, the declaration prayed for is [a jurisdictional] impossibility." Id.
With these principles in mind, however, the Court finds it axiomatic that "[a] declaratory-judgment action may not be used for the determination of abstract questions or the rendering of advisory opinions, nor does it license litigants to fish in judicial ponds for legal advice." Sullivan, 703 A.2d at 751 (internal citation and quotations omitted). Nonetheless, "the mere fact that a court is being asked to render an advisory opinion does not automatically preclude a declaratory judgment in all situations." Id. at 752.
In a declaratory judgment action, "the first order of business for the trial justice is to determine whether a party has standing to sue. A standing inquiry focuses on the party who is advancing the claim rather than on the issue the party seeks to have adjudicated." Bowen v.Mollis, 945 A.2d 314, 317 (R.I. 2008). "The requisite standing to prosecute a claim for relief exists when the plaintiff has alleged that `the challenged action has caused him [or her] injury in fact, economic or otherwise[.]'" Id. (quoting Rhode Island Ophthalmological Society v.Cannon, *Page 10 113 R.I. 16, 22, 317 A.2d 124, 128 (1974)). Similarly, standing in a taxpayer's suit is established "by ascertaining whether the person whose standing is challenged alleges that the action in dispute will cause him or her an injury in fact, economic or otherwise." Rosen v.Restrepo, 119 R.I. 398, 401, 380 A.2d 960, 962 (1977).
Although our Supreme Court has in the past required a petitioner to present the Court with an actual controversy when seeking declaratory relief, (see Millett v. Hoisting Eng'rs Licensing Div. of Dep't ofLabor, 119 R.I. 285, 291, 377 A.2d 229, 233 (1977)) it recently has pronounced that "[b]y contrast with the federal courts, our jurisdiction is not limited by an inflexible constitutional `cases and controversies' requirement." Chambers v. Ormiston, 935 A.2d 956, 960 (R.I. 2007) (citing Rhode Island Ophthalmological Society v. Cannon, 113 R.I. 16,28, 317 A.2d 124, 130 (1974)). However, such a relaxation of the requirement does not permit a trial justice to "dispense with the traditional rules prohibiting [the Court] from rendering advisory opinions or adjudicating hypothetical issues." Millett, 119 R.I. at 291,377 A.2d at 233; see also Chambers v. Ormiston, 935 A.2d at 960 (stating that "it is our policy not to rule on abstract questions . . .").
Section 44-5-26 provides in pertinent part: "Any person aggrieved on any ground whatsoever by an assessment of taxes against him or her . . . may within (90) days from the date the first tax payment is due, file an appeal in the local office of tax assessment. . . ." Section 44-5-26(a). Thereafter, "[a]ppeals to the local tax board of review are to be filed not more than thirty (30) days after the assessor renders a decision and notifies the taxpayer, or if the assessor does not render a decision within forty-five (45) days of the filing of the appeal, not more than ninety (90) days after the expiration of the forty-five (45) day period." Id. The local tax board *Page 11 
of review then has ninety days of the filing to "hear the appeal and render a decision within thirty (30) days of the date that the hearing was held." Id.
In the statutory application form provided in § 44-5-26(b), entitled "Taxpayer information about appeal procedure," provides that
 "[a]ny person still aggrieved on any ground whatsoever by an assessment of taxes against him or her in any city or town may, within thirty (30) days of the tax board of review decision notice, file a petition in the superior court for the county in which the city or town lies for relief from the assessment, to which petition the assessors of taxes of the city or town in office at the time the petition is filed shall be made parties respondent, and the clerk shall thereupon issue a citation. . . ." Section 44-5-26(b).
However,
 "[p]rovided, that in case the person has not filed an account, or filed an appeal first within the local tax board of review, that person shall not have the benefit of the remedy provided in this section and in §§ 44-5-27 — 44-5-31, unless: . . . (2) the tax assessed is illegal in whole or in part; and that person's remedy is limited to a review of the assessment on the real estate or to relief with respect to the illegal tax, as the case may be." Section 44-5-26(c).
It is well-established that the interpretation of a statute is a question of law. See Palazzolo v. State ex rel. Tavares, 746 A.2d 707,711 (R.I. 2000). Where the language of a statute "is clear on its face, then the plain meaning of the statute must be given effect and this Court should not look elsewhere to discern the legislative intent."Retirement Bd. of Employees' Retirement System of State v. DiPrete,845 A.2d 270, 297 (R.I. 2004) (internal quotations omitted). When "a statutory provision is unambiguous, there is no room for statutory construction and [this Court] must apply the statute as written."Id.; see also State v. Santos, 870 A.2d 1029, 1032 (R.I. 2005) ("The plain statutory language is the best indicator of legislative intent."). *Page 12 
Section 44-5-27 states that the statutory remedy contained in § 44-5-26 is the "exclusive" remedy available to the taxpayer.[6] In interpreting § 44-5-27, our Supreme Court has held that "the exclusive remedy for anyone aggrieved by a municipal assessment is provided in the taxing statute." Burrillville Racing Ass'n v. Tellier, 574 A.2d 749,750-751 (R.I. 1990) (citing Northgate Associates v. Shorey,541 A.2d 1192 (R.I. 1988); Tripp v. Merchants' Mutual Fire Insurance Co.,12 R.I. 435, 436 (1879)); see also Murray v. Rockaway Boulevard Wrecking Lumber Co., 108 R.I. 607, 609, 277 A.2d 922, 924 (1971) ("Regardless of whether a tax is attacked on grounds of overassessment or illegality, the taxing statutes provide the exclusive relief to any person aggrieved by any assessment of taxes against him by any city or town.") (citingTripp, 12 R.I. 435). Accordingly, "[t]he remedy provided in § 44-5-26
shall be exclusive if the taxpayer owned or possessed any ratable estate at all . . . A taxpayer alleging an illegal or void tax assessment against him shall be confined to the remedies provided by § 44-5-26."Id.
Recognizing that although both "the taxpayer and the municipality have an obvious interest in the amount and accuracy of the individual assessments[,] [t]he municipality has an additional concern that disputes relative to an assessment be resolved as expeditiously as possible so that the tax roll may be finalized and the tax rate established."Northgate Associates, 541 A.2d at 1193. Thus, "the Legislature[,] in enacting § 44-5-27, recognized the necessity for finality in assessment disputes when it stated that the taxpayer's complaint was to be filed within three months of the last day specified for payment without a penalty of such tax." Id. This is not *Page 13 
to say that the Superior Court will never review issues relating to the taxation of a utility's infrastructure, but it must do so only in the manner prescribed by § 44-5-26 or, "in a proper case, the taxpayer may invoke the equity jurisdiction of the superior court. . . ." Section 44-5-27.[7]
At the same time, a complaint for equitable relief must be "filed within three (3) months after the last day appointed for the payment, without penalty, of the tax, or the first installment of the tax, if it is payable in installments." Id. It is well settled that "[a] party may raise a statute-of-limitations defense by way of a motion to dismiss, `provid[ed] the alleged timing defect appears on the face of the complaint.'" Barrette v. Yakavonis, No. 2007-310-Appeal slip op. at 3-4 (filed March 20, 2009) (quoting Martin v. Howard. 784 A.2d 291, 297
(R.I. 2001)). Accordingly, "[i]f the complaint discloses on its face that the claim is barred by the statute of limitations, the defense may be raised on a motion to dismiss under Rule 12(b)(6)." Id. at 4-5 (quoting Kent, R.I. Civ. Prac. § 9:5 (2006)).
The Plaintiff asserts that because it is challenging the legality of certain tax assessments, it was not required to file appeals with the local tax assessors. Specifically, Plaintiff contends that the gas assets were illegally overtaxed because the gas assets were characterized as real property pursuant to G.L. 1956 § 44-4-3[8]
instead of as tangible personal property under § 44-5-12.1.[9] *Page 14 
The Plaintiff maintains that as a result of Defendants' failure to employ the process and procedure established under § 44-5-12.1, it did not need to exhaust its administrative remedies under § 44-5-26(a). Instead, it avers that the instant action is permitted under § 44-5-26(c).
As already stated, § 44-5-27 permits a taxpayer to invoke this Court's jurisdiction in the first instance. Section 44-5-27. Thus, in a "proper case, the taxpayer may invoke" this Court's equity jurisdiction.Id. A taxpayer also may challenge an illegal or void tax assessment.Id. In such circumstances, although the taxpayer is not required to file an appeal with the local tax assessor, said taxpayer still "is confined to the remedies provided by § 44-5-26." Id.
A declaratory judgment action "is neither an action at law nor a suit in equity but a novel statutory proceeding." Northern Trust Co. v.Zoning Bd. of Review of Town of Westerly, 899 A.2d 517, 520, n. 6 (R.I. 2006). Accordingly, because a declaratory judgment action is not a suit in equity, a taxpayer may not invoke this Court's equitable jurisdiction under § 44-5-27 by way of a complaint for declaratory relief.
Furthermore, because § 44-5-26 provides "the exclusive remedy for relief from an alleged illegal assessment of taxes[,]"our Supreme Court has held that "if the Legislature intended to furnish the taxpayer with another remedy by means of § 9-31-1, it would have said so in view of the existence of the remedy already provided in § 44-5-26." S. S. KresgeCo. v. Bouchard. Ill R.I. 685, 689, 306 A.2d 179, 181 (R.I. 1973);see also Pascale v. Capaldl 95 R.I. 513, 514, 188 A.2d 378, 379 (1963) ("In our opinion the legislature did not intend that a petition under the uniform declaratory judgments act was to take the place of a taxpayer's suit and, therefore, the superior court had no jurisdiction under the act to grant the petitioner's prayers."); *Page 15 see generally Felkner v. Chariho Regional School Committee, No. 2009-23-M.P. slip op. at 7 (filed April 7, 2009) (finding that when "the specific terms are controlling, this Court will defer to the more precise language governing a particular subject"). Accordingly, because an action for declaratory relief does not constitute an equitable action, and because the Legislature did not intend the UDJA to take the place of taxpayer suits, Counts I-V of the Complaint seeking declaratory relief are dismissed for failure to state a claim upon which relief may be granted.
Even assuming arguendo that a declaratory action could be considered a proper case for the purpose of invoking the Court's jurisdiction, the instant Complaint nevertheless would amount to a request for a prohibited advisory opinion. The Plaintiff seeks a declaration from the Court that in 2007, some of the Defendants improperly assessed the gas assets at greater than the maximum applicable rate. It further seeks a declaration from the Court that they must assess such taxes as tangible personal property in accordance with § 44-5-12.1 rather than as real property in accordance with § 44-4-3. However, it has not alleged that any specific municipality, in fact, has done so. Thus, without actually alleging that any of the Defendant municipalities applied § 44-4-3 to its gas assets, it seeks a declaration from this Court that such provision did not apply to its gas assets in 2007, and it requests that the Court prohibit Defendants from employing that provision in assessing its taxes in the future.
This is precisely the type of advisory opinion that is not permitted under the UDJA because it would involve adjudicating hypothetical issues merely to resolve potential future disputes. Accordingly, even if the Act could be construed as permitting relief under the UDJA, it would be an improper exercise of this Court's jurisdiction to render the type of global advisory opinion requested by the Plaintiff. That is because "the Declaratory Judgments Act was `not intended to serve as a forum for the determination of abstract questions or the rendering of *Page 16 
advisory opinions.'" McKenna v. Williams, 874 A.2d 217, 227 (R.I. 2005) (quoting Lamb v. Perry, 101 R.I. 538, 542, 225 A.2d 521 (1967)).
In Sullivan v. Chafee, 703 A.2d 748 (R.I. 1997) our Supreme Court succinctly reasoned that
 "a necessary predicate to a court's exercise of its jurisdiction under the Uniform Declaratory Judgments Act is an actual justiciable controversy. A declaratory-judgment action may not be used for the determination of abstract questions or the rendering of advisory opinions, nor does it license litigants to fish in judicial ponds for legal advice." Sullivan, 703 A.2d at 751 (internal citations and quotations omitted).
Accordingly, "trial justices may not dispense with the traditional rules prohibiting them from rendering advisory opinions or adjudicating hypothetical issues merely to resolve potential disputes."Providence Teachers Union v. Napolitano, 690 A.2d 855, 856 (R.I. 1997). In view of this Court's conclusion that addressing Counts I-V of the Complaint would involve the rendering of an advisory opinion, the Court declines to exercise any jurisdiction it might have had under the UDJA over those Counts.
In Count VI of the Complaint, Plaintiff seeks a temporary, preliminary, and permanent injunction against certain Defendants. Specifically, it asserts that the Cities of Central Falls, Cranston, East Providence, Newport, North Providence, Pawtucket, Warwick, and Woonsocket, as well as the Towns of Coventry, Cumberland, Glocester, Johnston, and West Warwick, all violated "several provisions of the Rhode Island Constitution," in addition to § 44-5-12.1. The Plaintiff seeks the Court to order the respective Defendants to apply the Act in accordance with its interpretation.
The injunctive relief being sought here is the type of equitable relief contemplated by § 44-5-27 of the Act. See Egidio DiPardo Sons,Inc., 708 A.2d 165, 172-73 (R.I. 1998) *Page 17 
(acknowledging that where there exists no adequate remedy at law, equity will issue an injunction). However, pursuant to § 44-5-27, such request for equitable relief must have been filed within three months of the last day specified for payment without a penalty of the alleged illegal tax.
In the instant matter, it is not clear from the face of the Complaint whether or not the request for equitable relief was filed "within three (3) months after the last day appointed for the payment, without penalty, of the tax, or the first installment of the tax, if it is payable in installments." Section 44-5-27. Consequently, the Motion to Dismiss Count VI of the Complaint based upon lack of timeliness must be denied.
In light of the foregoing, this Court holds that Plaintiff failed to invoke Superior Court subject matter jurisdiction over Counts I-V for failure to seek an appropriate remedy under the provisions of the Act because Plaintiff because neither filed a timely appeal under § 44-5-26, nor invoked the Court's equitable jurisdiction under § 44-5-27.[10]
With respect to those same counts, the Court further holds that the Plaintiff failed to state a claim upon which relief could be granted because said counts constitute an improper request for an advisory opinion from this Court under the UDJA. Consequently, the Motions to Dismiss as to Counts I-V are granted.
With respect to Count VI, the Court concludes that Plaintiff has invoked the Court's equity jurisdiction (subject to a timeliness challenge), thereby stating a claim upon which relief may be granted. Consequently, the Motions to Dismiss Count VI against the Defendants specifically named in that Count are denied. *Page 18 
 IV Conclusion
For the foregoing reasons, the Defendants' Motions for Dismissal pursuant to Super. R. Civ. P 12(b) (1) and (6) are granted in part and denied in part. Specifically, the Motions to Dismiss as to Counts I through V are granted, and they are denied as to Count VI.
Counsel shall submit an appropriate form of order for entry consistent with this Decision.
[1] Counts I-V seek declaratory relief. Count VI seeks injunctive relief.
[2] In its Complaint, Plaintiff alleges that "Plaintiff's property consists of utility equipment used for the purposes of transporting and supplying gas. . . ." The Complaint makes no allegations concerning its electrical utilities; however, it now contends in its memorandum that "the Plaintiff's gas and electrical distribution infrastructure has been subject to a patchwork of different tax treatments by various municipalities for quite some time." (Emphasis added.) This Decision concerns only Plaintiffs gas assets. The Court observes, however, that other such utility infrastructure, such as water transportation companies and steam production and distribution companies, might belong to companies. If it can be shown that such companies, or the remaining unnamed state municipalities, have an interest in the outcome of this case, then this Court would not have subject matter over the dispute.See Meyer v. City of Newport, 844 A.2d 148, 152 (R.I. 2004) (declaring that "[a] court may not assume subject-matter jurisdiction over a declaratory-judgment action when a plaintiff fails to join all those necessary and indispensable parties who have an actual and essential interest that would be affected by the declaration") (citingSullivan v. Chafee, 703 A.2d 748, 754 (R.I. 1997)).
[3] The Court observes that Plaintiff and the Town of Cumberland have reached a settlement agreement on how the gas assets should be taxed, for tax years 2002 through 2008.
[4] Those cases are captioned: The Narragansett Electric Company v.Frank Smith, in his capacity as Assessor for the City of Cranston, RhodeIsland, PC/09-502; The Narragansett Electric Company v. David Quinn II,in his capacity as Tax Assessor for the City of Pawtucket and Ronald L.Wunsche in his capacity as Finance Director for the City ofPawtucket, PC/08-5319; and, The Narragansett Electric Company v. KennethMallette, Jr., in his capacity as Assessor for the City of Warwick,Rhode Island, KC/08-1257.
[5] All of the parties seek attorneys' fees in connection with the prosecution and defense of this case; however, in light of the outcome of this Decision, the Court need not address the issue at this time.
[6] Specifically, § 44-5-27 provides:
 "The remedy provided in § 44-5-26 is exclusive if the taxpayer owned or possessed any ratable estate at all, except that, in a proper case, the taxpayer may invoke the equity jurisdiction of the superior court; provided, that the complaint is filed within three (3) months after the last day appointed for the payment, without penalty, of the tax, or the first installment of the tax, if it is payable in installments. A taxpayer alleging an illegal or void tax assessment against him or her is confined to the remedies provided by § 44-5-26, except that the taxpayer is not required to file an appeal with the local assessor." (Emphases added).
[7] In fact, to avoid a multiplicity or conflict of opinions from different Justices of this Court who may be called upon to handle one or more administrative appeals, the Presiding Justice has requested that all appeals dealing with the propriety of a municipality's tax treatment of any of this Plaintiff's gas assets will be handled by a single Justice of this Court.
[8] Section 44-4-3 provides:
 "The main wheels, steam engines, dynamos, boilers, and shafts, whether upright or horizontal, drums, pulleys, and wheels attached to any real estate for operating machinery, and all steam pipes, gas pipes, water pipes, ammonia pipes, air pipes, gas fixtures, electric fixtures, and water fixtures attached to, and all kettles set and used in, any manufacturing establishment, are declared to be real estate when owned by the owners of the real estate to which they are attached."
[9] Section 44-5-12.1(a) provides: "All tangible personal property subject to taxation shall be assessed for taxation based on the original purchase price (new or used) including all costs such as freight and installation. Assets will be classified and depreciated as defined in this section." Section 44-5-12.1(b) provides a formula for the calculating the depreciation of such assets. Section 44-5-12.1(c) classifies "Gas distribution, total distribution equipment" as tangible personal property.
[10] If, as noted in footnote 2, supra, Plaintiff failed to join all interested parties, that would provide another basis for dismissal of the Counts I-V of the Complaint for lack of subject matter jurisdiction.